STATE OF NORTH CAROLINA v. JOHN ANTHONY HUTCHENS

No. 9221SC298

(Filed 1 June 1993)

1. **Evidence and Witnesses § 2332 (NCI4th) — rape and indecent liberties — lay testimony regarding victim's emotional state — not admissible**

   The trial court erred in a prosecution for rape and indecent liberties by allowing a counselor who was neither tendered

STATE v. HUTCHENS

[110 N.C. App. 455 (1993)]

nor received as an expert to describe the victim's "emotional state." This testimony went well beyond an opinion on emotions displayed on a given occasion permissible under N.C.G.S. § 8C-1, Rule 701 to describe behavioral patterns and symptoms which are outside the perception of a lay witness. An explanation of the symptoms and characteristics of sexually abused children is admissible (1) only through the testimony of an expert in the field and (2) only for the limited purpose of assisting the jury in understanding the behavior patterns of sexually abused children, and evidence that a particular child's symptoms are consistent with those of children who have been sexually abused is admissible only through the testimony of an expert in the field and only for the limited purpose of aiding the jury in assessing the complainant's credibility. The introduction of the lay testimony here, followed by the testimony of an expert who had not examined the victim, was a back-door attempt to introduce lay testimony that the victim exhibited symptoms consistent with those exhibited by sexual abuse victims.

**Am Jur 2d, Expert and Opinion Evidence §§ 217 et seq.**

2. **Evidence and Witnesses § 2332 (NCI4th) — rape and indecent liberties — symptoms and characteristics of sexually abused children — admitted as substantive evidence — error**

The trial court erred in a rape and indecent liberties prosecution by admitting expert testimony regarding the characteristics of sexually abused children as substantive evidence. Such testimony is admissible only to assist the jury in understanding the behavior patterns of sexually abused children and must be so limited by the trial court.

**Am Jur 2d, Expert and Opinion Evidence § 244.**

Appeal by defendant from judgments entered 1 November 1991 in Forsyth County Superior Court by Judge F. Fetzer Mills. Heard in the Court of Appeals 1 April 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from judgments entered 1 November 1991, which judgments are based on jury verdicts convicting defendant of two counts of first-degree rape, N.C.G.S. § 14-27.2, and one count of taking indecent liberties with a child, N.C.G.S. § 14-202.1.

The evidence presented by the State at defendant's trial established that the complaining witness is defendant's daughter, D., who was fourteen years old at the time of trial. D. testified that defendant separated from D.'s mother when D. was four years old. Defendant was awarded custody of D. According to D., defendant began touching her vagina with his penis or his hand when D. was six years old. When D. was eight years old and in the third grade, defendant began forcing, with threats of spanking, D. to perform oral sex on him. Defendant had sexual intercourse with D. on two occasions: once when D. was eight years old and again when she was eleven years old. When D. was twelve years old, defendant rubbed his penis between D.'s buttocks, asked her to "play with him," and fondled her. According to D., defendant would act appropriately when other people were present, but when she and defendant were alone, he would tease and fondle her. D. testified that when she was twelve years old she promised herself that she would never let defendant touch her again. D. considered running away as well as suicide. In November, 1990, when she was thirteen years old, D. went to the home of her second cousin, Deborah Reece. While there, D. for the first time revealed that defendant had been sexually molesting her for most of her life.

The State also presented the testimony of Lisa Allred (Allred), a counselor at Family Services, Inc. in Winston-Salem, who was neither tendered nor received as an expert. Allred testified that she had "taken a history" from D. and that D. told her essentially the same things that D. testified to at trial regarding sexual molestation by defendant. Allred was asked by the State to describe D.'s "emotional state." Allred replied that "[m]y observations of [D.'s] emotional state were that she had a lot of self-esteem problems." Allred continued:

> She was having difficulty concentrating. She described sleep disturbances and nightmares. She was feeling guilt and responsibility. She was withdrawn. She was experiencing bewilderment and confusion, frustration, abandonment and isolation,

fear and anxiety, distrust, hopelessness, depression and suicidal feelings. On more than one occasion she described suicidal feelings. And overall she was feeling crazy. Those were the emotions that I had noted.

The trial court instructed the jury that Allred's testimony "is being received into evidence for the purpose of corroborating the witness that testified, if it does, and for no other purpose."

The State then presented over defendant's objection the testimony of Elaine Whitman (Whitman), also a counselor at Family Services, Inc., who the State tendered and the court received as an expert in the characteristics of sexually abused children. Whitman testified that children who have been sexually abused exhibit fear, anxiety, nightmares, sleep disturbances, feelings of responsibility, guilt, helplessness, distrust, depression, suicidal thoughts, anger, hostility, and isolation. Whitman testified that she had not evaluated D. and had never met D. The trial court admitted Whitman's testimony as substantive evidence.

Dr. Tad Lowdermilk testified that he examined D. in April, 1990, when D. was thirteen years old, and determined that D. was suffering from pelvic inflammatory disease, an illness seen in women that involves pain and tenderness in the lower abdomen and the organs of the pelvis. D. told Dr. Lowdermilk that she had had sexual intercourse in the past.

Defendant testified in his own behalf, and denied sexually molesting D. He also presented two other witnesses. Wanda Slate testified that D., when visiting Slate, did not abide by Slate's "ground rules." Ellen Jeffers testified that D. told her that D. would "hurt her Daddy" for not letting D. go with a certain boy.

The jury convicted defendant on all charges, and the court sentenced defendant to two consecutive life terms for the first-degree rape convictions and a concurrent three-year term for the indecent liberties conviction. Defendant appeals.

---

The issues presented are whether the trial court committed reversible error in (I) allowing counselor Allred to testify to D.'s "emotional state"; and (II) admitting as substantive evidence the expert testimony of counselor Whitman regarding the characteristics of sexually abused children.

STATE v. HUTCHENS

[110 N.C. App. 455 (1993)]

I

[1] Defendant argues that the testimony of lay witness Lisa Allred describing D.'s "emotional state" constitutes inadmissible non-expert testimony that D. exhibited symptoms consistent with those exhibited by children who have been sexually abused. The State disagrees, arguing instead that Allred's testimony simply described the mental or emotional state of an alleged sexual abuse victim, and therefore was properly admitted by the trial court.

Opinion testimony on the emotional state of another is admissible in North Carolina pursuant to the following principles. First, North Carolina Rule of Evidence 701 authorizes the admission of lay opinion evidence if the opinion is rationally based on the perception of the witness and helpful to a clear understanding of his testimony or a fact in issue. N.C.G.S. § 8C-1, Rule 701 (1992). Second, expert testimony regarding the mental and emotional state of an alleged sexual abuse victim has been determined to be relevant, and admissible in North Carolina. See State v. Kennedy, 320 N.C. 20, 30-31, 357 S.E.2d 359, 366 (1987); State v. Wise, 326 N.C. 421, 425, 390 S.E.2d 142, 145, cert denied, 498 U.S. 853, 112 L. Ed. 2d 113 (1990); N.C.G.S. § 8C-1, Rule 702 (1992).

In Kennedy, a psychologist, testifying as an expert, stated that the victim had responded to his personality and IQ test questions in an " 'honest fashion . . . admitting that she was in a fair amount of emotional distress.' " Kennedy, 320 N.C. at 30, 357 S.E.2d at 365. In Wise, the expert witness, a counselor, described the victim's emotional state as " '[g]enuine . . . not extremely emotional as far as crying, not furious, anger, related the story, there were tears, there was sadness, but not extreme.' " Wise, 326 N.C. at 425, 390 S.E.2d at 145. In both Kennedy and Wise, the defendants argued that the aforementioned testimony amounted to an impermissible comment by an expert witness on the credibility of the complainant. See State v. Oliver, 85 N.C. App. 1, 11, 354 S.E.2d 527, 533, disc. rev. denied, 320 N.C. 174, 358 S.E.2d 65 (1987). The Court determined in each case that it did not, deeming proper a "statement of opinion by a trained professional based upon personal knowledge and professional expertise," and an expert's description of "her personal observations concerning the emotions of the victim during the counseling sessions." Kennedy, 320 N.C. at 31, 357 S.E.2d at 366; Wise, 326 N.C. at 427, 390 S.E.2d at 146.

In the instant case, Lisa Allred was neither tendered nor received, explicitly or implicitly, as an expert in any field, nor does defendant contend that Allred's testimony amounted to an impermissible comment on D.'s credibility. Thus, *Kennedy* and *Wise* are, in this regard, inapposite. The State argues that Allred nonetheless, pursuant to Rule 701, could give her lay opinion as to the emotional state of another. However, Allred's testimony went well beyond constituting pursuant to Rule 701 a permissible lay opinion on the emotions D. displayed on a given occasion, specifically, during counseling sessions. *See* 1 Henry Brandis, Jr., *Brandis on North Carolina Evidence* § 129 n.14 (3d ed. 1988). Allred described behavioral patterns (*e.g.*, difficulty concentrating, sleep disturbances, nightmares) and symptoms (*e.g.*, abandonment, isolation, depression, hopelessness) exhibited by D. which, as recognized in *State v. Hall*, 330 N.C. 808, 412 S.E.2d 883 (1992), are outside the perception of a non-expert. The "emotions" Allred described are in essence the characteristics of sexually abused children recognized in this State and elsewhere and delineated by expert witness Whitman, who testified immediately after Allred. In fact, a reading of the transcript belies the State's contention that Allred simply described D.'s emotional state. The prosecutor, in his attempt to introduce Whitman's testimony regarding the characteristics of sexually abused children, argued to the court that evidence regarding "the type of *symptoms and characteristics that Ms. Allred has testified to*" is admissible in a sexual abuse trial (emphasis added).

Our Supreme Court enunciated the rules regarding the admissibility of testimony regarding the characteristics of sexually abused children in *Kennedy* and, more recently, in *Hall*. An explanation of the symptoms and characteristics of sexually abused children is admissible (1) only through the testimony of an expert in the field, and (2) only for the limited purpose of assisting the jury in understanding the behavior patterns of sexually abused children. *Kennedy*, 320 N.C. at 32, 357 S.E.2d at 366; *Hall*, 330 N.C. at 818, 412 S.E.2d at 887. Evidence that a particular child's symptoms are consistent with those of children who have been sexually abused is admissible (1) only through the testimony of an expert in the field, and (2) only for the limited purpose of aiding the jury in assessing the complainant's credibility. *Id.* The trial court is required to explain to the jury the permissible uses of the aforementioned evidence. *Hall*, 330 N.C. at 817, 412 S.E.2d at 887.

**STATE v. HUTCHENS**

[110 N.C. App. 455 (1993)]

For the foregoing reasons, we reject the State's contention that Allred simply related a lay opinion as to the emotions displayed by D. on a given occasion for the purpose of corroborating D.'s testimony. Rather, we agree with defendant that the introduction of Allred's testimony, followed by Whitman's testimony, was a back-door attempt to introduce non-expert testimony that D. exhibited symptoms consistent with those exhibited by sexual abuse victims. Under the principles previously discussed, only an expert in the field is permitted to so testify, and therefore the admission of Allred's testimony was error.

## II

[2] Defendant argues that the trial court committed reversible error in failing to limit the permissible uses of the State's evidence regarding the characteristics of sexually abused children.

As previously discussed, expert testimony regarding the symptoms and characteristics of sexually abused children is admissible only to assist the jury in understanding the behavior patterns of sexually abused children, and must be so limited by the trial court. In the instant case, the trial court admitted Whitman's testimony as substantive evidence. To do so was error.

We have carefully reviewed the transcript, and in light of the conflicting evidence presented at trial, have determined that, had the trial court not committed the aforementioned errors, there is a reasonable possibility that the jury would have reached a different verdict. N.C.G.S. § 15A-1443(a) (1988). For this reason, defendant is entitled to a

New trial.

Judges WELLS and WYNN concur.