An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-674

Filed 20 August 2025

McDowell County, No. 21CRS050306-580

STATE OF NORTH CAROLINA

        v.

ROBBIE EUGENE SHUMATE, Defendant.

Appeal by defendant from judgments entered 9 March 2023 by Judge J. Thomas Davis in McDowell County Superior Court. Heard in the Court of Appeals 24 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Andrew L. Hayes, for the State-appellee.*
>
> *Mark Montgomery for defendant-appellant.*

GORE, Judge.

On 2 March 2021, defendant Robbie Eugene Shumate was charged with statutory rape of a child who is 15 years of age or younger, statutory sexual offense with a child who is 15 years of age or younger, and taking indecent liberties with a child. On 9 March 2023, a jury found defendant guilty of all charges. Defendant gave oral notice of appeal in open court.

On appeal, defendant argues the trial court erred by (1) admitting expert testimony regarding the characteristics of sexually abused children, (2) allowing witnesses to refer to the victim's accusations as a "disclosure," and (3) permitting testimony that allegedly vouched for the victim's credibility. Defendant further contends trial counsel's failure to object to the use of the term "disclosure" constituted ineffective assistance of counsel.

This Court has jurisdiction pursuant to N.C.G.S. §§ 7A-27(b) and 15A-1444(a). Upon review, we discern no error.

## I.

In the summer of 2019, "Chris," then thirteen years old, lived with her biological parents. Defendant, age thirty-three, was her neighbor. They began communicating through Facebook, and defendant gave Chris gifts, including softball gear and soda. Over time, Chris came to view defendant as her boyfriend.

At the end of June 2019, Chris and defendant met in person. Chris testified that they engaged in sexual intercourse on at least two occasions. Approximately one year later, Chris disclosed the incidents to her school counselor. She subsequently underwent a forensic interview and medical examination. The forensic interview was conducted at Lily's Place by Andie Longo, during which Chris provided a detailed account of the events.

Following the interview, Elizabeth Browning, a nurse practitioner with South Mountain Children and Family Services, conducted a physical examination of Chris.

The examination revealed no physical abnormalities, and Chris's symptoms and characteristics were consistent with those of a typical teenager. Chris declined an anogenital exam, stating she did not want to be touched.

Officer Billie Brown, a detective with the McDowell County Sheriff's Office, later interviewed defendant. Defendant acknowledged knowing Chris, confirmed she had been to his house, and admitted seeing her at a motel. Officer Brown obtained defendant's Facebook records, though some conversations were missing from the production. The records contained only one message, and deleted conversations were not recovered. When questioned about the messages, defendant expressed concern that they could get him into trouble. However, he denied having sexual intercourse with Chris.

## II.

### A.

On appeal, defendant argues the trial court erred in permitting Ms. Longo to testify regarding the general characteristics of sexually abused children. We disagree.

"The standard of review for this Court assessing evidentiary rulings is abuse of discretion." *State v. Boston*, 165 N.C. App. 214, 218 (2004) (citation omitted). A trial court's ruling will only be overturned upon a showing that the decision "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285 (1988) (citation

omitted).

Under North Carolina law, "[e]vidence that a particular child's symptoms are consistent with those of children who have been sexually abused is admissible (1) only through the testimony of an expert in the field, and (2) only for the limited purpose of aiding the jury in assessing the complainant's credibility." *State v. Hutchens*, 110 N.C. App. 455, 460 (1993) (citation omitted).

Defendant identifies two lines of questioning at trial in support of his argument. First, the State asked Ms. Longo, "[W]hat are some general characteristics of a . . . of a child that may have been sexually abused?" Defense counsel objected, and the trial court sustained the objection. The State then asked, "Do all children act the same?" Defense counsel again objected, but the trial court overruled the objection. Ms. Longo responded, "No."

In the second line of questioning, the State asked Ms. Longo, "And why is a child interviewed in a different setting than an adult would be?" Ms. Longo began explaining why adults and children are interviewed differently. Defendant objected, and the trial court overruled the objection. Ms. Longo then completed her explanation.

Defendant relies on *Hutchens* to support his argument, but *Hutchens* is distinguishable. In *Hutchens*, a non-expert counselor testified about behavioral patterns and symptoms exhibited by the victim, which, as recognized in *State v. Hall*, 330 N.C. 808 (1992), were outside the perception of a lay witness. *Hutchens*, 110 N.C.

App. at 460. Later, an expert witness testified that sexually abused children exhibit symptoms such as "fear, anxiety, nightmares, sleep disturbances, feelings of responsibility, guilt, helplessness, distrust, depression, suicidal thoughts, anger, hostility, and isolation." *Id.* at 458. The expert, however, had not evaluated the victim and testified as to general characteristics. The trial court admitted the expert's testimony as substantive evidence, leading this Court to order a new trial. *Id.* at 461.

Here, in contrast, Ms. Longo did not testify about specific symptoms exhibited by the complainant, Chris. Her testimony remained within permissible bounds, addressing general forensic interview principles rather than diagnosing or opining on Chris's behavior. Accordingly, the trial court did not err in overruling defendant's objections.

**B.**

Defendant next argues the trial court erred by allowing Ms. Longo and Ms. Browning to repeatedly refer to Chris's accusation as a "disclosure," thereby implying that her statements were truthful. Because defendant failed to preserve this issue at trial, we review for plain error. *See* N.C.R. App. P. 10(a)(4). Under plain error review, a defendant must demonstrate a fundamental error that likely impacted the jury's verdict. *State v. Lawrence*, 365 N.C. 506, 518 (2012). Defendant contends the trial court plainly erred by permitting impermissible vouching testimony. We disagree.

"Our case law has long held that a witness may not vouch for the credibility of

a victim." *State v. Giddens*, 199 N.C. App. 115, 121 (2009) (citation omitted). "The question of whether a witness is telling the truth is a question of credibility and is a matter for the jury alone." *State v. Solomon*, 340 N.C. 212, 221 (1995) (citation omitted).

Here, the testimony at issue did not constitute improper vouching. The term "disclosure" was used by the witnesses to indicate that Chris made a statement, without implying that the statement was truthful. The "use of the word 'disclose,' standing alone, does not constitute impermissible vouching as to the credibility of a victim of child sex abuse, regardless of how frequently used, and indicates nothing more than that a particular statement was made." *State v. Betts*, 377 N.C. 519, 525 (2021).

Even assuming, *arguendo*, that the trial court erred by admitting the testimony, defendant has not demonstrated plain error. Chris testified in detail about the alleged incidents, and the jury had the opportunity to observe her demeanor and assess her credibility firsthand. The State also presented corroborating testimony from Ms. Longo and Ms. Browning. Defendant has failed to show that excluding the term "disclosure" would have led to a different outcome.

**C.**

Defendant alternatively argues that trial counsel's failure to object to the use of the term "disclosure" amounted to ineffective assistance of counsel ("IAC"). "To prevail on an IAC claim, a defendant must generally satisfy the two-prong test set

forth in *Strickland*." *State v. Oglesby*, 382 N.C. 235, 242 (2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We reject this argument. Because defendant has not demonstrated error—let alone plain error—he cannot show that trial counsel's performance was deficient or that the alleged deficiency prejudiced his defense. *See Strickland*, 466 U.S. at 687.

## III.

Defendant received a fair trial, free from reversible error or prejudice. The trial court properly admitted the challenged testimony, and defendant has failed to demonstrate plain error or IAC. Accordingly, we discern no error in the trial court's rulings and leave defendant's convictions undisturbed.


NO ERROR.

Judges CARPENTER and FLOOD concur.

Report per Rule 30(e).