STATE v. WOODROW LOWRY, JAMES SANDERSON, JOHN L. LOWRY, JOHN C. BROOKS, NASE LOWRY, MOSELAND STRICKLAND AND HORACE LOWRY.

(Filed 3 February, 1950.)

**Criminal Law § 29b—**

In a prosecution for assault, evidence of a similar assault against another committed by defendant about two months prior to the occurrence under investigation, is competent to show *quo animo,* intent or design on his part.

APPEALS by Woodrow Lowry, James Sanderson, John L. Lowry, and Moseland Strickland from *Burney, J.,* at April Term, 1949, of ROBESON.

Criminal prosecutions on indictments charging the appellants, and others in one indictment, No. 11751, with a felonious assault on Joe Lowry with a deadly weapon with intent to kill, inflicting serious injury, not resulting in death; and a second indictment, No. 11752, charging two of the appellants, Woodrow Lowry and James Sanderson, and another, with a felonious assault on Bromford Lowry with a deadly weapon with intent to kill, inflicting serious injury, not resulting in death; and a third indictment, No. 11753, charging two of the appellants, Woodrow Lowry and James Sanderson, and another, with a felonious assault on John Oxendine, with a deadly weapon, inflicting serious injury

STATE v. LOWRY.

not resulting in death, all against the form of the statute in such cases made and provided and against the peace and dignity of the State.

It seems that on Sunday morning, 30 May, 1948, the appellants and some of their comrades set out to molest travelers on the highway in the vicinity of the homes of Etta Spaulding and Dewey Oxendine in Robeson County. They were armed with guns, rifles and pistols. Apparently their first victim was Joe Lowry whom they found at the home of Etta Spaulding. They shot, beat and kicked him and threatened to kill him.

Next in order of time came Bromford Lowry driving down the highway. His car was shot into, some of the shots passing through the right-hand door and through his pants leg.

Then John Oxendine came driving along and was fired upon by some of the appellants, their bullets hitting the lights and right-hand side of his car.

Three indictments were returned as above indicated, and upon the hearing, they were consolidated and tried together.

Under the first bill, No. 11751, John Lowry, James Sanderson, Moseland Strickland and Woodrow Lowry were each found guilty as charged.

Under the second bill, No. 11752, James Sanderson and Woodrow Lowry were each found guilty of an assault with a deadly weapon.

Under the third bill, No. 11753, James Sanderson and Woodrow Lowry were each found guilty of an assault with a deadly weapon.

From the respective judgments pronounced in each case, the defendants, Woodrow Lowry, James Sanderson, John L. Lowry and Moseland Strickland, appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*Johnson & Johnson for defendants, appellants.*

STACY, C. J. There are no exceptive assignments of error appearing on the record which call for elaboration or any special discussion. Indeed, the cases seem to have been tried with care and circumspection. The evidence of a similar assault against another on the part of Woodrow Lowry about two months prior to the occurrence under investigation was competent to show *quo animo,* intent or design on his part, and the jury was so instructed by the trial court. *S. v. Biggs,* 224 N.C. 722, 32 S.E. 2d 352; *S. v. Edwards,* 224 N.C. 527, 31 S.E. 2d 516; *S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232; *S. v. Batson,* 220 N.C. 411, 17 S.E. 2d 511; *S. v. Godwin,* 216 N.C. 49, 3 S.E. 2d 347; *S. v. Payne,* 213 N.C. 719, 197 S.E. 573; *S. v. Smoak,* 213 N.C. 79, 195 S.E. 72.

The exceptions to the charge are without special merit and fall well within the decided cases on the questions presented. They are not sustained, but are overruled and the validity of the trial upheld.

The verdicts and judgments will be sustained.

No error.