STATE OF NORTH CAROLINA v. JERRY MUSSELWHITE

No. 8216SC301

(Filed 16 November 1982)

1. **Criminal Law § 34.7— admissibility of prior threats and assaults—admissible to show intent**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in allowing the prosecuting witness to testify that defendant had threatened her with a knife and struck her with his hand on prior occasions since when a specific mental state is an essential element of the crime charged, evidence of commission of another offense is admissible to establish requisite mental state or intent.

2. **Assault and Battery § 14.5— assault with a deadly weapon with intent to kill inflicting serious bodily injury—sufficiency of evidence**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the evidence was sufficient on both the elements of "intent to kill" and "inflicting serious injury" where it tended to show that defendant had threatened the prosecuting witness previously; he and the prosecuting witness were arguing violently; he pulled a knife on her, threatening to cut off her head and cut her into pieces; he stabbed her twice in the arm; after arrest, he stated he wished he had cut her throat; and the cuts on the arm produced heavy bleeding and one cut required eight or nine stitches.

3. **Assault and Battery § 14.1— assault with a deadly weapon—sufficiency of evidence**

    In a prosecution for assault with a deadly weapon, the evidence was sufficient to withstand defendant's motion to dismiss where defendant swung a knife at a detective and the knife missed the detective's stomach by approximately a foot.

4. **Assault and Battery § 15.2— failure to instruct on lesser offense of assault with deadly weapon proper**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court properly failed to instruct on the lesser offense of assault with a deadly weapon since the State's evidence regarding the victim's injuries was positive and uncontradicted.

APPEAL by defendant from *Britt, Judge.* Judgment entered 30 October 1981 in Superior Court, ROBESON County. Heard in the Court of Appeals 13 October 1982.

Defendant was convicted of (1) assault with a deadly weapon with intent to kill inflicting serious injury on his girlfriend, Sherill Vernon; and (2) assault with a deadly weapon on police detective P. H. Atkinson, who had come to the scene in response to a call about the domestic disturbance. From judgments imposing active prison sentences, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Robert D. Jacobson for defendant appellant.*

BECTON, Judge.

The issues raised on appeal concern the trial court's evidentiary rulings; the trial court's denial of defendant's motions for nonsuit and dismissal; and the trial court's failure to instruct, in the case involving Sherill Vernon, on the lesser included offense of assault with a deadly weapon.

I

At trial, Sherill Vernon testified that she was defendant's girlfriend and that, on 28 August 1981, she and defendant had a violent argument while sitting in her car. Defendant was angry because Ms. Vernon had worked the previous night and had not had time to see him. He slapped her and, when she tried to get out of the car, he threatened to cut off her head. Defendant then pulled out his knife and told her that he was going to cut her into pieces and watch her die and that if he could not have her, no other man could either. During defendant's tirade, he asked Ms. Vernon to take him to the cemetery. Ms. Vernon told defendant that she would take him to the cemetery but asked first to go by the bank so she could make a deposit. Ms. Vernon drove to the bank, but instead of going to the bank she ran across the street to the fire station for help. Defendant ran after Ms. Vernon, caught her, and tried to get her back to the car. At this time, several police officers arrived, including plainclothes detective P. H. Atkinson, who began to talk to defendant, urging him to release Ms. Vernon. As Atkinson was talking, defendant took out his knife, which got caught in the sleeve of Ms. Vernon's shirt. Ms. Vernon testified:

He got it caught in the sleeve and he was trying to get it loose. He cut the sleeve completely out and went in my arm here and cut me here. He had a-hold of me at that time.

It's hard for me to remember. He had his arm around my neck and I was twisting and trying to get away from him. I know that he did hit me on the head several times and also hit me in the stomach before he cut me. He cut me on my left arm. . . . This required stitches. . . .

. . . [W]hen Officer Atkinson got to Jerry . . . Jerry turned me loose or else they grabbed him. . . . But anyway, Jerry turned around and I can remember him turning around and swinging toward Mr. Atkinson. He was swinging the knife.

Ms. Vernon was taken to the hospital emergency room where she received 8 or 9 stitches as a result of one of the cuts. The other cut was bandaged.

Ms. Vernon also testified that defendant had threatened her with a knife two days before the cutting incident, and had struck her with his hand two weeks prior to that incident.

Detective Atkinson and three other police officers corroborated Ms. Vernon's testimony about what happened at the fire station. Detective Atkinson and one other officer further testified that defendant told them after he was arrested that he should have cut Ms. Vernon's throat.

Defendant testified that he had an argument with Ms. Vernon, but that he had not threatened to kill her. He admitted slapping her, but did not remember pulling out the knife and stabbing her. Defendant denied telling the officers after the arrest that he should have cut Ms. Vernon's throat.

## II

[1] Defendant first argues that it was error to permit Ms. Vernon to testify that he had threatened her with a knife and struck her with his hand on prior occasions. Although defendant correctly states the general rule on admissibility of evidence of other crimes, we reject his argument because the evidence objected to in this case falls into a well-recognized exception to the general rule. When a specific mental state is an essential element of the

crime charged, evidence of commission of another offense is admissible to establish requisite mental state or intent. The evidence of a threat with a knife two days earlier and a slap two weeks prior to the incident tended to show design or intent on the part of the defendant. *See State v. Lowry,* 231 N.C. 414, 57 S.E. 2d 479 (1950), in which evidence of a similar assault two months earlier on another party was held competent to show intent or design. Further, even if it were error to admit the testimony, defendant has failed to show that a different result might have occurred had the evidence not been admitted, and therefore, such error is not prejudicial.

### III

Defendant made several motions challenging the sufficiency of the evidence against him. All were denied at trial. With respect to the charge of assault upon Sherill Vernon with a deadly weapon with intent to kill, inflicting serious injury, defendant maintains that the evidence was insufficient on the elements of "intent to kill" and "inflicting serious injury." With respect to the separate offense of assault with a deadly weapon on Detective Atkinson, defendant maintains that the evidence was insufficient to prove such an assault.

[2]  The requisite "intent to kill" may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances. *State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972). In this case, defendant had threatened Ms. Vernon previously; he and Ms. Vernon were arguing violently; he pulled a knife on her, threatening to cut off her head and cut her into pieces; he stabbed her twice in the arm; after arrest, he stated he wished he had cut her throat. Taken in the light most favorable to the State, the evidence supports a reasonable inference of defendant's intent to kill.

" 'Serious injury' as employed in G.S. 14-32(b) means physical or bodily injury resulting from an assault with a deadly weapon. The injury must be serious, but evidence of hospitalization is not required. The question of whether a serious injury has occurred is determined by the facts of each case and is a jury question." *State v. Rotenberry,* 54 N.C. App. 504, 511, 284 S.E. 2d 197, 201 (1981), *cert. denied* 305 N.C. 306, 290 S.E. 2d 705 (1982). In this

case, the heavy bleeding and the cut requiring 8 or 9 stitches were sufficient to send the case to the jury.

[3] With regard to the assault on Detective Atkinson, the evidence discloses that defendant, after cutting Sherill Vernon, swung the knife at Detective Atkinson. The knife missed the detective's stomach by approximately a foot. Because Detective Atkinson did not state that he was put in fear of the consequence of the attack, the defendant argues that the charge should have been dismissed. The common law offense of assault places emphasis on the intent or state of mind of the person accused. *State v. Roberts*, 270 N.C. 655, 658, 155 S.E. 2d 303, 305 (1967). Although our courts have said that a defendant may be prosecuted for assault upon a show of violence accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assaulted, *Id.*, it is still not necessary that the victim be placed in fear in order to sustain a conviction for assault. All that is necessary to sustain a conviction for assault is evidence of an overt act showing an intentional offer by force and violence to do injury to another sufficient to put a person of reasonable firmness in apprehension of immediate bodily harm. *Id.*

For the foregoing reasons the trial court did not err in denying defendant's motions for nonsuit and dismissal.

IV

[4] Relying on his earlier argument that Ms. Vernon's injuries were not serious, defendant contends that the trial court erred by failing to instruct the jury that it could find defendant guilty of the lesser included offense of assault with a deadly weapon on Ms. Vernon. We summarily reject this argument. The State's evidence regarding the injuries was positive and uncontradicted. The evidence supported the submission of the charged offense to the jury. The following quote from *State v. Hall*, 305 N.C. 77, 84, 286 S.E. 2d 552, 556 (1982) is dispositive of this issue:

A trial court must submit a defendant's guilt of a lesser included offense of the crime charged in the bill of indictment when and only when there is evidence to sustain a verdict of guilty of the lesser offense. . . . When the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element,

no instruction on a lesser included offense is required. [Citation omitted.]

For the foregoing reasons, in defendant's trial, we find

No error.

Chief Judge MORRIS and Judge JOHNSON concur.