STATE OF NORTH CAROLINA v. WILLIAM HENSLEY

No. 8724SC1166

(Filed 17 May 1988)

**1. Assault and Battery § 16.1— assault with a deadly weapon with intent to kill inflicting serious injury—submission of lesser included offenses not required**

The trial court did not err in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury by not instructing the jury on the lesser included offenses of assault with a deadly weapon with intent to kill, assault with a deadly weapon, and simple assault on the grounds that

there was conflicting evidence of serious injury where it was uncontradicted that a deadly weapon — a shotgun — was used to inflict the physical injuries upon the victim; the victim suffered multiple wounds to both legs and knees, the left hip, arm and hand; the victim was hospitalized for three days and three nights; and the victim suffered great pain and continues to suffer great pain as a result of some of pellets remaining in his body. Although the defendant introduced evidence that there was no significant open wound, bone destruction, tendon or ligament damage, and that the victim remained neurovascularly intact, that evidence only points out that the injuries could have been much more serious and does not negate the evidence of serious injury.

**2. Criminal Law § 163.1 — assault — failure to define serious injury — waiver of objection**

Defendant in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury waived any objection to the court's failure to define serious injury by neither requesting any specific instruction, nor objecting to or challenging the jury instruction when given the opportunity prior to or after the court's charge.

**3. Assault and Battery § 14.4 — assault with a deadly weapon with intent to kill inflicting serious injury — evidence of attempt to kill — sufficient**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the fact that shotgun pellets entering the body of the victim did so at areas away from vital organs and that some of the pellets came out on their own did not negate the inference of an attempt to kill.

APPEAL by defendant from *Lamm, Judge.* Judgment entered 24 July 1987 in Superior Court, YANCEY County. Heard in the Court of Appeals 12 April 1988.

Defendant was tried and convicted upon an indictment proper in form charging him with assault with a deadly weapon with intent to kill inflicting serious injury pursuant to N.C.G.S. sec. 14-32(a). From a verdict of guilty as charged and the imposition of an active sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Wayne O. Clontz for defendant-appellant.*

JOHNSON, Judge.

The State's evidence tends to show that Bobby Hensley owns property which adjoins property owned by defendant and defendant's brother, Cono Hensley. On 26 June 1986, at approximately

8:10 p.m., Bobby Hensley was standing on his property in an area where Cono Hensley had been cutting locust timber on Bobby Hensley's property without permission. The area where the timber had been cut was located in the general vicinity of Cono Hensley's home. While Bobby Hensley was standing on his own property and observing the area from which the timber had been cut, Cono Hensley rushed from his house and commenced to swear and curse at Bobby Hensley. Bobby Hensley listened to him for a short while and then turned to walk away. When Bobby Hensley was approximately sixty feet away from Cono Hensley, he looked back and saw defendant William Hensley standing near Cono Hensley, with a shotgun pointing at him (Bobby Hensley). Bobby Hensley pleaded with defendant not to shoot him. Defendant fired the gun, injuring Bobby Hensley in both legs and knees, the left hip, the left arm and hand. Bobby Hensley's pants were soaked with blood from the injuries. The injuries caused him great pain and he was hospitalized for three days and three nights. Some of the buckshot pellets remain in his body and continue to cause him to have pain. At the time Bobby Hensley was shot, he had no weapon in his possession. The State's evidence further tended to show that on 7 March 1986 defendant shot at Bobby Hensley twice and threatened to kill him.

Defendant presented evidence which tends to show that on 26 June 1986, defendant was visiting at his brother's house which is located on land both he and his brother Cono Hensley own. Their land adjoins the property of Bobby Hensley. On the day in question, while he was inside his brother's house, he heard Bobby Hensley threaten to kill everyone at Cono Hensley's house. He looked through the window, saw Bobby Hensley standing on their property and pointing a pistol at his brother Cono. Defendant got Cono's shotgun and went outside. Just as defendant stepped to the outside, Bobby Hensley pointed the pistol at defendant and threatened to kill him. Defendant shot Bobby Hensley just as Bobby Hensley threatened him. Defendant thought Bobby would carry out his threats because on 7 March 1986, Bobby Hensley shot at him twice with a .38 caliber pistol. Defendant presented further evidence which tended to show that although Bobby Hensley was injured from the shooting, he did not suffer any "significant open wound, . . . bone destruction or significant tendon or ligament damage and . . . was neurovascularly intact."

By his sole Assignment of Error brought forward in his brief, defendant contends the trial court erred in failing to instruct the jury on the lesser included offenses of assault with a deadly weapon with intent to kill, assault with a deadly weapon, and simple assault.

[1]  First, defendant argues that there was conflicting evidence as to whether any serious injury was inflicted upon the victim; therefore, defendant contends, the trial court was required to submit the possible verdicts of assault with a deadly weapon with intent to kill, assault with a deadly weapon and simple assault. We cannot agree.

The term "inflicts serious injury," as used in G.S. sec. 14-32, means physical or bodily injury resulting from an assault with a deadly weapon. The injury must be serious but it must fall short of causing death. *State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978); *State v. Jones*, 258 N.C. 89, 128 S.E. 2d 1 (1962). Whether serious injury has been inflicted must be determined according to the particular facts of each case and is a question for the jury. *State v. Ferguson*, 261 N.C. 558, 135 S.E. 2d 626 (1964); *State v. Musselwhite*, 59 N.C. App. 477, 297 S.E. 2d 181 (1982). Some factors the courts consider in determining whether an injury is serious include but are not limited to pain and suffering, loss of blood, hospitalization and time lost from work. *State v. Owens*, 65 N.C. App. 107, 308 S.E. 2d 494 (1983).

In the instant case, it is uncontradicted that a deadly weapon — a shotgun — was used to inflict the physical injuries upon Bobby Hensley; that he suffered multiple wounds to both legs and knees, the left hip, arm and hand; that he was hospitalized for three days and three nights; and that he suffered great pain and continues to suffer pain as a result of some of the pellets remaining in his body. This evidence clearly shows that defendant inflicted serious injuries upon the victim. The evidence which defendant introduced, that there was not any significant open wound, bone destruction, tendon or ligament damage and that the victim remained "neurovascularly intact" does not contradict or negate the evidence of serious injury. It only points out that the injuries could have been much more serious than the evidence shows. But the fact remains that the injuries inflicted were nonetheless serious. The court properly submitted this question

to the jury, and where there is positive and uncontradicted evidence as to the element of a serious injury, an instruction on the lesser offense of assault with a deadly weapon is not required. *Musselwhite, supra.* Likewise, the court is not required to instruct on simple assault where the evidence is uncontradicted that the assault was committed with a deadly weapon *per se. State v. Boykin,* 310 N.C. 118, 310 S.E. 2d 315 (1984); *State v. McKinnon,* 54 N.C. App. 475, 283 S.E. 2d 555 (1981). "The trial court is required to submit lesser included degrees of the crime charged in the indictment when and only when there is evidence of guilt of the lesser degrees." *State v. Simpson,* 299 N.C. 377, 381, 261 S.E. 2d 661, 663 (1980). When the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged, no instruction by the trial court on a lesser included offense is required. *State v. Drumgold,* 297 N.C. 267, 254 S.E. 2d 531 (1979).

[2] Defendant also argues that the court erred in not defining for the jury the phrase "serious injury." We find no merit to this argument. First, defendant neither requested any specific instruction, nor objected to nor challenged the jury instruction when given the opportunity prior to or after the Court's charge. Therefore, any objection to the jury instructions is waived. N.C. Rules of App. P., Rule 10(b)(2).

[3] Next, defendant argues that since the shotgun pellets entering the body of the victim did so at areas away from vital organs and the fact that some of the pellets came out on their own, negates the inference of any attempt to kill. We find this argument meritless. First, it is in contradiction of defendant's contention that the court erred in failing to submit the possible verdict of assault with a deadly weapon *with intent to kill.* Secondly, there was ample evidence from which the jury could find the requisite intent and any conflict in the evidence was for the jury to resolve. *Musselwhite, supra.*

Defendant has not brought forward or argued in his brief one of his assignments of error. We deem it abandoned and decline to review it. N.C. Rules of App. P., Rule 28(a).

For the foregoing reasons, in defendant's trial, we find

No error.

Judges PHILLIPS and SMITH concur.