STATE OF NORTH CAROLINA v. JEVON ANDREWS

No. COA95-572

(Filed 16 April 1996)

### 1. Assault and Battery § 115 (NCI4th)— instruction on lesser included offense of simple assault required

In a prosecution of defendant for assault with a deadly weapon with intent to kill inflicting serious injury, defendant was entitled to an instruction on the lesser included offense of simple assault where there is evidence that the victim was attacked by multiple assailants not acting in concert; defendant admitted that

he struck the victim with his fists but denied that he cut the victim; defendant presented other evidence that the victim was cut by another perpetrator; and the victim testified that he was unsure who actually cut him.

**Am Jur 2d, Trial §§ 1427 et seq.**

**2. Assault and Battery § 115 (NCI4th)— multiple perpetrators—showing of lesser offense allowed**

Where there are multiple alleged perpetrators, a defendant is entitled to offer a defense to the more serious charge by showing that his or her involvement was limited to that of a lesser offense.

**Am Jur 2d, Trial §§ 1427 et seq.**

Appeal by defendant from judgment and commitment entered 26 October 1994 by Judge Quentin T. Sumner in Jones County Superior Court. Heard in the Court of Appeals 30 January 1996.

Defendant, Jevon Andrews, appeals from his conviction of assault with a deadly weapon inflicting serious injury pursuant to G.S. 14-32(b).

At trial, the State's evidence tended to show that on the evening of 3 December 1993, Craig Sutton and two friends drove to the Handy Mart store in Maysville. Sutton got out of the car to purchase some beverages and saw defendant, whom he knew from a previous encounter, standing in front of the store with approximately eight other people. Sutton walked toward the store and defendant attacked Sutton, repeatedly striking Sutton with his fists. At this point, Sutton attempted to return to the car, but defendant allegedly came from behind and pushed Sutton down. Defendant and two others then allegedly kicked Sutton as he fell and lay on the ground.

Sutton then attempted to get up from the ground and get into the car. As he got up on his hands and knees, however, defendant allegedly pulled a "shiny thing" from his pants and severely wounded Sutton by making a "slashing" or "swiping" motion with the "shiny" object. The object was described by other witnesses as a "box cutter," a "straight razor" or a "razor blade." From this assault, Sutton was cut on his right side, having sustained a wound about three-quarters of an inch deep and eight inches long. Sutton's hand was "matted with blood" from clutching his side, and he suffered dizziness and burning pain in his side. The wound required nineteen staples to close and left a scar.

Sutton testified that he did not know who had actually cut him. To link defendant to the actual cutting, the State presented the testimony of Sutton's two friends who were in the car throughout the encounter. One friend, William Riley, testified that he was "positive" that defendant was the one who cut Sutton. Gene Taylor was also in the car and his testimony essentially corroborated William Riley's.

Defendant's evidence tended to show that defendant did not have a weapon and that he did not cut Sutton. Defendant testified that he hit Sutton multiple times with his fists, but that he did not have a knife and did not kick, push, or cut the victim. Defendant further testified that, after he hit Sutton, he saw Joseph Burton "cut" Sutton as he tried to crawl away. Defendant testified that he saw Sutton "holding his side" when he finally got up from the ground.

Emmett Jones, a defense witness, testified that he saw defendant hitting Sutton with his fists. Jones testified that he grabbed defendant, essentially stopped defendant from hitting Sutton, and thereafter saw Joseph Burton cut Sutton. Jones also testified that he did not see defendant use any kind of instrument on Sutton nor did he see any blood on Sutton.

Ms. Willie Ward, another defense witness, stated that she drove to the store that evening and observed a group of "boys fighting." Ward testified that she did not see the entire fight and that she did not "see all of that commotion down on the ground." Ward also testified that she did not see defendant with a weapon and that defendant walked away while the "boys" were still fighting.

Defendant was originally indicted 24 January 1994 on the charge of assault with a deadly weapon with intent to kill inflicting serious injury under G.S. 14-32(a). At trial, defendant requested an instruction on simple assault and the trial court denied defendant's request. The trial court charged the jury on three possible verdicts: (1) guilty of assault with a deadly weapon with intent to kill inflicting serious injury; (2) guilty of assault with a deadly weapon inflicting serious injury; or (3) not guilty. The jury found defendant guilty of the lesser charge of assault with a deadly weapon inflicting serious injury and the trial court sentenced defendant to an active term of ten years.

Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charles L. Alston, Jr., for defendant-appellant.*

EAGLES, Judge.

[1] Defendant argues that the trial court erred by refusing to grant his request for an instruction on the lesser included charge of simple assault. We agree.

The trial court's obligation to instruct on a lesser degree of the offense charged is solely determined by "the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). Where there is evidence that would permit a " 'jury rationally to find [defendant] guilty of the lesser offense and acquit him of the greater . . . ,' " due process requires that the lesser included offense instruction be given. *State v. Conaway*, 339 N.C. 487, 514, 453 S.E.2d 824, 841 (quoting *Beck v. Alabama*, 447 U.S. 625, 635, 65 L. Ed. 2d 392, 401 (1980), *cert. denied*, —— U.S. ——, 133 L. Ed. 2d 153 (1995). Failure to give a necessary lesser included offense instruction is reversible error. *State v. Fisher*, 318 N.C. 512, 524, 350 S.E.2d 334, 341 (1986).

Here, we conclude that a lesser included offense instruction on simple assault was required by the evidence before the jury. Defendant presented more evidence than his own mere denial to support a conclusion that he was not the person who cut Sutton. *Conaway*, 339 N.C. at 514, 453 S.E.2d at 841. On the evidence presented, a rational jury could certainly decide to convict defendant of simple assault only. Defendant, after all, essentially admitted to being guilty of the elements of simple assault. The only evidentiary dispute of substance was whether or not defendant was the person who actually cut Sutton causing serious injury.

On this issue, the evidence presented was widely divergent. The State presented evidence from William Riley, who testified that he was "positive" it was defendant who cut Sutton. Defendant, on the other hand, presented Emmett Jones, who testified essentially that he was certain that defendant did not cut Sutton and that Sutton was instead cut by another perpetrator, Joseph Burton. Defendant testi-

fied on his own behalf that he never cut Sutton and that Sutton was cut by Joseph Burton. Moreover, Sutton testified that he was unsure who actually cut him. Based on this evidence, we conclude that a jury could rationally conclude that defendant did not cut Sutton and that defendant was therefore only guilty of simple assault. Accordingly, we conclude that the trial court erred in failing to instruct the jury on the lesser included charge of simple assault.

[2] The State argues that a simple assault instruction is improper because Sutton suffered a serious injury. The State's argument is essentially that any time a victim suffers a serious injury, the assault in question, by definition, is no longer "simple." Were there only one perpetrator, we would agree with this argument; however, there is evidence here that the victim was attacked by multiple assailants not acting in concert. Where there are multiple alleged perpetrators, as there are here, a defendant is entitled to offer a defense to the more serious charge by showing that his or her involvement was limited to that of a lesser offense. The cases cited by the State are each distinguishable by the absence of evidence that anyone other than defendant was responsible for inflicting the serious injury. *See State v. Boykin*, 310 N.C. 118, 121, 310 S.E.2d 315, 317 (1984); *State v. Joyner*, 295 N.C. 55, 64, 243 S.E.2d 367, 373 (1978); *State v. Hensley*, 90 N.C. App. 245, 248, 368 S.E.2d 208, 210 (1988).

We note that the charge ultimately given should well include an instruction that simple assault is not an option if the jury determines that defendant was the person who cut Sutton. Here, because of the conflict in the evidence about who actually cut the victim, the trial court should have instructed the jury on simple assault. The trial court's failure to do so is reversible error.

Reversed.

Judges MARTIN, JOHN C., and MARTIN, MARK D., concur.