**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5137**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VINCENT ANTHONY MAYERS,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00038-FDW-1)

Submitted:  September 28, 2010       Decided:  October 14, 2010

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Anthony Mayers pled guilty without a plea agreement to one count of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon, both in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Mayers to two concurrent terms of 68 months' imprisonment. On appeal, Mayers challenges his sentence, arguing that the district court erred in applying a four-level enhancement to his base offense level for possession of a firearm under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2007). We affirm.

We review Mayers's sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). In conducting this review, we must ensure that the district court correctly calculated the Guidelines range. Id. at 49, 51. When reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009). A district court's determination that there are sufficient facts to impose a USSG § 2K2.1(b)(6) enhancement is a factual finding. See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (stating that the Government has the burden of proving facts to support a USSG § 2K2.1(b)(5) enhancement by a preponderance of

2

the evidence and that the district court's finding that sufficient facts exist to support the enhancement is reviewed for clear error). Under the clear error standard of review, this court will reverse only if it is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted).

Section 2K2.1(b)(6) of the Sentencing Guidelines provides for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6). This finding encompasses two requirements: that the defendant committed "another felony" and that he used or possessed the firearm "in connection with" the other felony. United States v. Blount, 337 F.3d 404, 410-11 (4th Cir. 2003).[*] "'Another felony offense', for purposes of subsection (b)(6), means any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, cmt. n.14(C).

Here, the district court applied the USSG § 2K2.1(b)(6) enhancement based on its conclusion that Mayers possessed a firearm in connection with the offense of assault

---

[*] Mayers does not contest the "in connection with" element.

3

with a deadly weapon with intent to kill, a felony under North Carolina law. The elements of the crime of assault with a deadly weapon with intent to kill are: "(1) an assault; (2) with a deadly weapon; (3) with the intent to kill." State v. Garris, 663 S.E.2d 340, 349 (N.C. Ct. App. 2008) (internal quotation marks omitted); see N.C. Gen. Stat. § 14-32(c) (2009) ("Any person who assaults another person with a deadly weapon with intent to kill shall be punished as a Class E felon.").

Although Mayers argues that the evidence is insufficient to show that he committed an assault with a deadly weapon with the intent to kill, we conclude that the presentence report's ("PSR") uncontroverted description of the offense conduct amply supports the district court's finding. According to the PSR, in the course of beating his girlfriend, Mayers knocked her to the ground, pulled a firearm out of his waistband, cocked it, placed it at her temple and warned her to "handle" the situation or things would "get nasty." We conclude this conduct constitutes assault with a deadly weapon. See State v. O'Briant, 258 S.E.2d 839, 841-42 (N.C. Ct. App. 1979). Further, in view of this violent attack and Mayers's history of assault against the same victim, the district court could infer his intent to kill. See State v. Thacker, 189 S.E.2d 145, 150 (N.C. 1972); State v. Musselwhite, 297 S.E.2d 181, 184 (N.C. Ct. App. 1982).

4

We therefore conclude that the district court did not clearly err in imposing the USSG § 2K2.1(b)(6) enhancement. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED