STATE OF NORTH CAROLINA v. THOMAS JOHN STARR, Defendant

No. COA10-752

(Filed 4 January 2011)

### 1. Assault— on firefighter with firearm—evidence sufficient

The trial court properly denied defendant's motion to dismiss three charges of assaulting a firefighter with a firearm where defendant argued that there was insufficient evidence that the firefighters knew of or otherwise were in fear of defendant's blind shots into a door which they were forcing. Sustaining a conviction for assault did not require that a victim be placed in fear, only that an overt act was performed that was sufficient to put a person of reasonable firmness in fear of immediate bodily harm. Here, the evidence tended to show that defendant shot twice at a door which firefighters were attempting to force open and once in the direction of the firefighters after they entered.

STATE v. STARR

[209 N.C. App. 106 (2011)]

**2. Assault— on firefighter with firearm—instructions—oral request for special instruction—denied**

The trial court did not err by giving only the pattern jury instruction on assault where defendant did not submit his request for a special instruction on the definition of assault in writing.

**3. Appeal and Error— preservation of issues—response to jury question—no request that jury be returned to courtroom**

Defendant waived his right to appeal the issue of whether the trial judge erred by answering a jury question from the jury room doorway where defense counsel did not request that the jury be brought into the courtroom when the court asked counsel about its proposed procedure.

**4. Jury— question—discretion exercised in response**

The trial court properly exercised its discretion in denying the jury's request to review particular testimony by stating that the court lacked the capability to provide "realtime" transcripts and that they would have to rely on their recollections.

Appeal by defendant from judgments entered 12 November 2008 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 1 December 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Karen A. Blum, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Thomas John Starr appeals his convictions of four counts of assaulting a firefighter with a firearm, contending primarily that there is insufficient evidence that he assaulted the firefighters and thus the trial court should have granted his motion to dismiss the charges. We conclude, however, that the State presented sufficient evidence to permit the jury to reasonably conclude that defendant assaulted the firefighters. The trial court, therefore, properly submitted the charges to the jury.

Facts

The State presented evidence at trial tending to · establish the following facts: In September 2007, Lakeisha Cropper was living with

her boyfriend in a second-floor apartment in Seahawk Square Apartments in Wilmington, North Carolina. Defendant lived in the apartment directly above Ms. Cropper's. Around 4:30 p.m. on 20 September 2007, Ms. Cropper and her boyfriend were sitting on the steps outside their apartment when she went inside to use the bathroom and saw water running from the ceiling, out of the vents, and down the walls. Ms. Cropper and her boyfriend could hear defendant walking around upstairs, so they went upstairs to his apartment and began knocking on his door. After knocking for 10 to 15 minutes without defendant answering the door, they became concerned that "something might be wrong" and called 911, reporting that "there [was] a man upstairs and th[at] water [was] leaking in [their] apartment."

Fire Captain Eric Lacewell, along with Firefighters Christopher Chadwick, Andrew Comer, and Marvin Spruill, with the Wilmington Fire Department, responded to the call. They initially went to Ms. Cropper's apartment and saw the water running down through the light fixtures and down the walls. The firefighters, concerned that the water running through the fixtures was an electrical hazard and that defendant might need medical assistance since he had not responded to Ms. Cropper's knocking on his door, went up to his apartment and started "banging on the door" and announcing that they were with the fire department. Defendant did not answer the door. Sometime while the firefighters where knocking, the water stopped running.

Corporal John Musacchio, with the Wilmington Police Department, arrived at the apartment complex, went up to defendant's apartment, knocked on the door, and announced that he was with the police department. When there was no response, the fire battalion chief and Corporal Musacchio gave the firefighters "permission to make forced entry." Firefighters Spruill and Chadwick were directly in front of the door to defendant's apartment, with Spruill on the left and Chadwick on the right. Firefighter Comer was behind Firefighter Spruill; Captain Lacewell was behind Firefighter Comer, on his left, and Corporal Musacchio was behind Comer, on his right. Firefighter Spruill wedged the Halligan tool between the door and the jamb and Firefighter Chadwick began hitting the tool with an axe to break the lock. As the door started splitting, Firefighters Spruill and Chadwick heard a "pop." They looked at each other, and, unable to determine what the noise was, continued to use the axe and Halligan tool. Captain Lacewell, who had also heard the "pop," yelled "[t]hat's a gun," but Firefighters Spruill and Chadwick were unable to hear him over the noise of the Halligan tool. Firefighters Spruill and

Chadwick broke the lock with the next swing, and, as Spruill was forcing open the door, he heard a second "pop." Firefighter Spruill started to enter the apartment but saw defendant standing in the apartment's kitchen, about 12 feet away, pointing a pistol at him. As defendant fired at Firefighter Spruill, he "ducked and backed out" of the apartment and shouted: " 'He's got a gun[.]' "

Firefighter Chadwick, who was able to see defendant inside the apartment pointing his gun in the direction of the door, immediately ducked out of the doorway and heard "another pop." Captain Lacewell also ducked out of the doorway when he heard Firefighter Spruill yell that defendant had a gun. Corporal Musacchio drew his gun, entered the apartment, and ordered defendant to drop the pistol. Defendant complied and Corporal Musacchio arrested defendant and secured a .25 semi-automatic handgun.

The police obtained a search warrant for defendant's apartment and found three spent shells and two unspent shells on the floor near where defendant had been standing. They also found a rifle in one of the bedrooms as well as marijuana, rolling papers, and a rolling machine in the kitchen. The crime scene investigators located two bullet holes in the wall next to the front door, one in the door jamb and the other just to the right of it. They also found that the apartment's bathroom sink had been plugged with a rag and filled with water.

Defendant was charged with one count of assaulting a law enforcement officer with a firearm and four counts of assaulting a firefighter with a firearm, one count each with respect to Firefighters Chadwick (07 CRS 61928), Comer (07 CRS 61932), and Spruill (07 CRS 61930), as well as Captain Lacewell (07 CRS 61931). Defendant pled not guilty and the case proceeded to trial. At the close of the State's evidence and at the close of all the evidence, defendant moved to dismiss all the charges for insufficient evidence. The trial court denied both motions. On 5 August 2008, the jury acquitted defendant of the charge of assaulting a law enforcement officer with a firearm but convicted him on all four counts of assaulting a firefighter with a firearm. After reviewing a pre-sentencing commitment study by the Department of Correction, the trial court entered two judgments on 12 November 2008, each consolidating two of the four convictions, sentencing defendant to two consecutive presumptive-range terms of 19 to 23 months imprisonment. The trial court then suspended the sentences and imposed 36 months of supervised probation. Although defendant filed a notice of appeal on 18 November 2008, defendant's

appeal was never perfected. Defendant filed a petition for writ of certiorari with this Court on 26 August 2010, requesting review of his convictions. We now grant defendant's petition.[1]

I

[1] Defendant argues that the trial court erred in denying his motion to dismiss for insufficient evidence three of the four charges for assault on a firefighter with a firearm. A defendant's motion to dismiss should be denied if there is substantial evidence: (1) of each essential element of the offense charged and (2) of defendant's being the perpetrator of the offense. *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence" is that amount of relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). In determining the sufficiency of the evidence, "the trial court is required to view the evidence in the light most favorable to the State, making all reasonable inferences from the evidence in favor of the State." *State v. Kemmerlin*, 356 N.C. 446, 473, 573 S.E.2d 870, 889 (2002). Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). The sufficiency of the evidence is a question of law, reviewed de novo on appeal. *State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007).

Defendant was charged with four counts of assaulting a firefighter with a firearm in violation of N.C. Gen. Stat. § 14-34.6 (2009), which provides in pertinent part:

> (a) A person is guilty of a Class A1 misdemeanor if the person commits an assault or an affray on any of the following persons who are discharging or attempting to discharge their official duties:
>
> (1) An emergency medical technician.
>
> (2) A medical responder.
>
> (3) An emergency department nurse.
>
> (4) An emergency department physician.
>
> (5) A firefighter.
>
> . . . .

---

1. We note that the State does not oppose granting defendant's petition for writ of certiorari.

(c) Unless a person's conduct is covered under some other provision of law providing greater punishment, a person is guilty of a Class F felony if the person violates subsection (a) of this section and uses a firearm.

N.C. Gen. Stat. § 14-34.6(a), (c). Based on the statute, the elements of assaulting a firefighter with a firearm are: (1) an assault; (2) with a firearm; (3) on a firefighter; (4) while the firefighter is engaged in the performance of his or her duties. N.C. Gen. Stat. § 14-34.6(a), (c). Defendant challenges the sufficiency of the evidence with respect to only the first element—whether an assault occurred. Defendant further limits the scope of this appeal by arguing for the reversal of his convictions with respect to only three of the four firefighters: Andy Comer (07 CRS 61932), Eric Lacewell (07 CRS 61931), and Chris Chadwick (07 CRS 61928). We, therefore, do not address the sufficiency of the evidence to support defendant's conviction with respect to Marvin Spruill (07 CRS 61930).

An "assault" is "an overt act or attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or violence must be sufficient to put a person of reasonable firmness in fear of immediate physical injury." *State v. Haynesworth*, 146 N.C. App. 523, 529, 553 S.E.2d 103, 108 (2001) (citing *State v. Roberts*, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967)). Defendant contends that there is insufficient evidence as to "whether the firemen making forced entry on [defendant]'s house in fact knew of and otherwise drew fear and apprehension from [defendant]'s blind shots into the door."

Contrary to defendant's argument, this Court has held that it is "not necessary that the victim be placed in fear in order to sustain a conviction for assault." *State v. Musselwhite*, 59 N.C. App. 477, 481, 297 S.E.2d 181, 184 (1982). Rather, "[a]ll that is necessary to sustain a conviction for assault is evidence of an overt act showing an intentional offer by force and violence to do injury to another *sufficient* to put a person of reasonable firmness in apprehension of immediate bodily harm." *Id.* (emphasis added). Our Supreme Court has held that " '[i]t is an assault, without regard to the aggressor's intention, to fire a gun at another or in the direction in which he is standing.' " *State v. Newton*, 251 N.C. 151, 155, 110 S.E.2d 810, 813 (1959) (quoting 1 *Wharton's Criminal Law and Procedure* § 332).

Here, the State's evidence tends to show that defendant shot twice at the door while the firefighters were attempting to force open

the door and that defendant fired a third shot in the direction of the firefighters after they forced entry. In fact, defendant testified at trial that he was aware that people were outside "pounding" on the door, that he could hear them shouting, although he could not tell what they were saying, and that he shot at the door "to send a warning to whatever was on the other side . . . ." This evidence, considered in the light most favorable to the State, supports a reasonable inference that defendant's intentionally shooting at the door while the firefighters were behind it and shooting at the firefighters while they were in the doorway was "sufficient to put a person of reasonable firmness in apprehension of immediate bodily harm." *Musselwhite*, 59 N.C. App. at 481, 297 S.E.2d at 184; *see also Commonwealth v. Melton*, 436 Mass. 291, 295 n.4, 763 N.E.2d 1092, 1096 n.4 (2002) (noting that, in establishing assault by immediately threatened battery, "[a] single shot in the direction of a group of people is intentionally menacing conduct that can cause each person reasonably to fear an imminent battery"); *Robbins v. State*, 145 S.W.3d 306, 314 (Tex. Crim. App. 2004, pet. ref'd) (holding evidence was sufficient to support conviction for "aggravated assault by threatening [police] officers with bodily injury while using or exhibiting a firearm" where evidence showed that officers were "stationed" near armored vehicle during standoff with defendant and were "in the line of fire when [defendant] pointed and shot his gun in the direction of the [armored vehicle]"). The trial court, therefore, properly denied defendant's motion to dismiss the three charges of assaulting a firefighter with a firearm with respect to Andy Comer (07 CRS 61932), Eric Lacewell (07 CRS 61931), and Chris Chadwick (07 CRS 61928).

II

[2] Defendant also contends that "[t]he trial court erred in denying defendant's request that the jury be instructed on the underlying elements of assault." Defendant maintains that the trial court's failure to properly instruct the jury constitutes prejudicial error, entitling him to a new trial.

During the charge conference, after the trial court read the pattern jury instructions with respect to the charge of assaulting a firefighter with a firearm, defense counsel made an oral request to include "a definition for the word 'assault.'" The trial court denied the orally requested instruction and instructed the jury on the elements of the offense according to the pattern jury instruction: N.C.P.I.-Crim. 208.95A.

N.C. Gen. Stat. § 15A-1231(a) (2009) "provides for conferences on jury instructions and states that 'any party may tender written instructions.' " *State v. McNeill*, 346 N.C. 233, 240, 485 S.E.2d 284, 288 (1997) (quoting N.C. Gen. Stat. § 15A-1231(a)), *cert. denied*, 522 U.S. 1053, 139 L. Ed. 2d 647 (1998). "[W]here 'a specifically requested jury instruction is proper and supported by the evidence, the trial court must give the instruction, at least in substance.' " *State v. Jones*, 337 N.C. 198, 206, 446 S.E.2d 32, 36 (1994) (quoting *State v. Ford*, 314 N.C. 498, 506, 334 S.E.2d 765, 770 (1985)). Requested special·instructions, however, " 'should be submitted in writing to the trial judge at or before the jury instruction conference.' " *State v. Augustine*, 359 N.C. 709, 729, 616 S.E.2d 515, 530 (2005) (quoting Rule 21 of the General Rules of Practice for the Superior and District Courts), *cert. denied*, 548 U.S. 925, 165 L. Ed. 2d 988 (2006). Thus, where, as here, "the defendant fails to submit his request for instructions in writing," the "trial court's ruling denying [the] requested instructions is not error . . . ." *McNeill*, 346 N.C. at 240, 485 S.E.2d at 288; *see also State v. Martin*, 322 N.C. 229, 237, 367 S.E.2d 618, 623 (1988) ("The defendant in this case did not submit his request for instructions in writing. We hold it was not error for the court not to charge on this feature of the case."); *State v. Craig*, 167 N.C. App. 793, 794, 606 S.E.2d 387, 387 (2005) ("Defendant contends the trial court erred by denying his request to give a special instruction on the defense of justification of possession of a firearm by a felon. Where, as here, Defendant failed to submit the special instruction in writing, the trial court did not error by declining to give it."). Defendant's argument is overruled.

III

[3] In his final contention on appeal, defendant argues that the trial court failed to follow the procedures set out in N.C. Gen. Stat. § 15A-1233 (2009) in responding to the jury's request to review the testimony of Firefighter Spruill during deliberations. The statute provides in pertinent part:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence.

N.C. Gen. Stat. § 15A-1233(a). Our Supreme Court has explained that N.C. Gen. Stat. § 15A-1233(a) "imposes two duties upon the trial court

when it receives a request from the jury to review evidence": (1) "the court must conduct all jurors to the courtroom"; and (2) "the trial court must exercise its discretion in determining whether to permit requested evidence to be read to or examined by the jury together with other evidence relating to the same factual issue." *State v. Ashe*, 314 N.C. 28, 34, 331 S.E.2d 652, 656 (1985).

Here, after the jury retired to deliberate, the following occurred:

THE COURT: They've got a question. Let the record reflect that they've sent another note saying, "We are requesting the testimony of Marvin Spruill.

Of course we don't have that. We don't have that capability and I thought that if it was okay with you, since we're in the middle of jury selection in this one, that we would open the door without y'all being seen and let [the court reporter] take everything down and me just inform them to rely on their recollections. We don't have the modern day equipment to provide realtime transcript or something.

(NO VERBAL RESPONSE.)

(THE FOLLOWING TOOK PLACE AT THE JURY ROOM DOOR.)

THE COURT: Hey, freeze what you're doing right now. I have received this note, "We are requesting the testimony of Marvin Spruill." In North Carolina we don't have the capability of realtime transcripts so we cannot provide you with that. You are to rely on your recollection of the evidence that you have heard in your deliberations. That's my instruction to you. Okay. Thank you.

Although defendant did not object at trial to the trial court's failure to bring the jury back into the courtroom, "[a] lack of objection at trial does not bar a defendant's right to assign error to a judge's failure to comply with the mandates of Section 15A-1233(a)." *State v. Helms*, 93 N.C. App. 394, 401, 378 S.E.2d 237, 241 (1989). The transcript indicates, however, that the trial judge specifically asked the prosecutor and defense counsel, "if it was okay with you," he would instruct the jury from the jury room's doorway. Defense counsel did not request that the jury be brought back into the courtroom and he acceded to the procedure used by the trial court. Where, as here, "a defendant's lawyer consents to the trial court's communication with the

jury in a manner other than bringing the jury back into the courtroom, the defendant waives his right to assert a ground for appeal based on failure to bring the jury back into the courtroom." *State v. Pointer*, 181 N.C. App. 93, 99, 638 S.E.2d 909, 913 (2007); *accord Helms*, 93 N.C. App. at 401, 378 S.E.2d at 241 ("In the transcript, Judge Saunders notes that he specifically asked defendant's lawyer if the latter required the jury to be returned to the courtroom. The lawyer did not ask that the jury be brought in, and he acceded to the procedure Judge Saunders used. . . . In this case, however, defendant's lawyer, beyond simply failing to enter an objection, consented to the communication procedure. We hold, therefore, that defendant has waived his right to assert, on appeal, the judge's failure to bring the jury to the courtroom.").

**[4]** Defendant also contends that the trial judge erred in denying the jury's request to review Firefighter Spruill's testimony. Defendant maintains that the judge's statement to the jury regarding the lack of the capability to provide "realtime transcripts" demonstrates that the judge "failed to properly exercise [his] discretion" under N.C. Gen. Stat. § 15A-1233(a).

"It is within the court's discretion to determine whether, under the facts of a particular case, the transcript should be available for reexamination and rehearing by the jury." *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999). The trial court's "complete failure" to exercise its discretion under N.C. Gen. Stat. § 15A-1233(a) constitutes reversible error. *State v. McVay*, 174 N.C. App. 335, 340, 620 S.E.2d 883, 886 (2005). Our Supreme Court has held, however, that the trial court properly exercises its discretion in denying the jury's request to review testimony when the court instructs the jurors to rely on their recollection of the evidence in reaching a verdict. *See State v. Harden*, 344 N.C. 542, 563, 476 S.E.2d 658, 669 (1996) (concluding that trial court exercised its discretion under N.C. Gen. Stat. § 15A-1233 where the court "instruct[ed] . . . the jurors [to] rely upon their individual and collective memory of the testimony"), *cert. denied*, 520 U.S. 1147, 137 L. Ed. 2d 483 (1997); *State v. Corbett*, 339 N.C. 313, 338, 451 S.E.2d 252, 265 (1994) ("In instructing the jury to rely upon their individual recollections to arrive at a verdict, the trial court exercised its discretion and complied with the requirements of N.C.G.S. § 15A-1233(a).").

While the trial judge did not explicitly state that he was denying, in his discretion, the jury's request, the judge did instruct the jurors to "rely on [their] recollection of the evidence that you have heard in

your deliberations." The trial court, therefore, properly exercised its discretion in denying the jury's request to review Firefighter Spruill's trial testimony. *See State v. Lawrence*, 352 N.C. 1, 27, 530 S.E.2d 807, 824 (2000) (holding trial court properly exercised its discretion and "did not impermissibly deny the [jury's] request [to review witness testimony] based solely on the unavailability of the transcript" where court instructed the jurors, "members of the jury, it is your duty to recall the evidence as the evidence was presented"), *cert. denied*, 531 U.S. 1083, 148 L. Ed. 2d 684 (2001).

No error.

Judges CALABRIA and ELMORE concur.