STATE OF NORTH CAROLINA v. JAMES MARVIN NAPIER, SR.

No. COA01-236

(Filed 19 March 2002)

**Firearms and Other Weapons— possession of a firearm by a felon—justification not a defense**

> The trial court did not abuse its discretion by denying defendant's request for a jury instruction stating that justification is a defense for possession of a firearm by a felon under N.C.G.S. § 14-415.1, because: (1) defendant's case does not fit within the statute's exception limiting its applicability to the confines and privacy of the convicted felon's own premises since defendant was not within his own premises; and (2) North Carolina courts have not recognized justification as a defense to a charge of possession of a firearm by a felon, and the instruction is not justified in this case since the evidence does not support a conclusion that defendant was under a present or imminent threat of death or injury.

Appeal by defendant from judgment entered 4 January 2000 by Judge Michael E. Beale in Richmond County Superior Court. Heard in the Court of Appeals 22 January 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins, for the State.*

*Noell P. Tin for defendant-appellant.*

EAGLES, Chief Judge.

James Marvin Napier, Sr., ("defendant") appeals from the trial court's judgment entered on a jury verdict finding him guilty of possession of a firearm by a felon. On appeal, defendant's sole assignment of error is that the trial court erred in denying his request for a jury instruction stating that justification is a defense for possession of a firearm by a felon. After careful review of the record, briefs, and arguments of counsel, we find no error.

The evidence tends to show the following. Defendant, a convicted felon, was involved in an on-going feud with his neighbor, Robert Ford, and his neighbor's son, Brandon ("Brad") Ford. On or about 30 June 1999, Brad Ford began shooting a shotgun in the air over defend-

ant's property. During the next few days, Brad Ford continued to shoot over defendant's property. At approximately 8:00 p.m. on 3 July 1999, defendant, with a holstered 9 millimeter handgun attached to his hip, walked across the street to Robert Ford's premises. Neither Robert Ford nor Brad Ford was armed at the time.

Once defendant arrived on Robert Ford's premises, defendant "walked up to [Robert Ford and Brad Ford]" and admittedly stated "[i]f I'm bothering y'all with this gun or I'm scaring you or defending [sic] y'all with this, I'll take it back to the house." Defendant and Robert Ford then discussed the neighbor's situation. Brad Ford left the two men in the yard and entered the residence. After several hours, the conversation between defendant and Robert Ford escalated into a physical altercation. Upon seeing the altercation, Brad Ford came out of the residence and joined the fight. Eventually, someone called 9-1-1 and law enforcement officers arrived on the scene. After the officers restored order and left the scene, defendant fired a gun from his property and hit Brad Ford in the arm.

Defendant was tried before a jury during the 13 December 1999 Criminal Session of Richmond County Superior Court on charges of (1) discharging a firearm into occupied property, (2) assault with a deadly weapon with intent to kill inflicting serious injury, (3) conspiracy to discharge a firearm into occupied property, (4) conspiracy to commit an assault with a deadly weapon, (5) possession of a firearm by a felon on 4 July 1999, and (6) possession of a firearm by a felon on 3 July 1999. At the conclusion of the trial, the jury deadlocked on the first two charges, and the trial court declared a mistrial as to those counts. Additionally, the jury found defendant not guilty on the conspiracy and the 4 July 1999 possession charges, and the jury found defendant guilty of the 3 July 1999 possession of a firearm by a felon charge. The trial court entered judgment and sentenced defendant to a term of imprisonment of 25 to 30 months. Defendant appeals.

On appeal, defendant argues that the trial court abused its discretion in denying his request for a jury instruction on justification as a defense to the charge of possession of a firearm by a felon. We disagree.

In North Carolina, requests for special jury instructions are allowable pursuant to G.S. §§ 1-181 and 1A-1, Rule 51(b). It is well settled that the trial court must give the instructions requested, at least in substance, if they are proper and supported by the evidence. *See*

*Roberts v. Young*, 120 N.C. App. 720, 726, 464 S.E.2d 78, 83 (1995). "The proffered instruction must . . . contain a correct legal request and be pertinent to the evidence and the issues of the case." *State v. Scales*, 28 N.C. App. 509, 513, 221 S.E.2d 898, 901 (1976). "However, the trial court may exercise discretion to refuse instructions based on erroneous statements of the law." *Roberts*, 120 N.C. App. at 726, 464 S.E.2d at 83 (citation omitted).

Here, defendant was charged with possession of a firearm by a felon in violation of G.S. § 14-415.1. Pursuant to § 14-415.1(a), it is unlawful "for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches . . . ." An exception to this offense exists for a felon who possesses a firearm "within his own home or on his lawful place of business." G.S. § 14-415.1(a). In creating this exception, the legislature clearly expressed its intent to limit its applicability to the confines and privacy of the convicted felon's own premises, over which he has dominion and control to the exclusion of the public. *See State v. McNeill*, 78 N.C. App. 514, 516, 337 S.E.2d 172, 173 (1985). Here, defendant was not within his own premises. Thus, defendant's case does not fit within this exception.

At trial, defendant requested an instruction on justification, and the court denied the request. We note that the courts of this State have not recognized justification as a defense to a charge of possession of a firearm by a felon. However, North Carolina has recognized the defense of necessity in limited circumstances. *See State v. Thomas*, 103 N.C. App. 264, 405 S.E.2d 214 (1991). "Necessity excuses otherwise criminal behavior which was reasonably necessary to protect life, limb, or health, and where no other acceptable choice was available." *State v. Haywood*, 144 N.C. App. 223, 234-35, 550 S.E.2d 38, 45, *disc. review denied*, 354 N.C. 72, 553 S.E.2d 206 (2001). Nevertheless, we are unable to find any case law in our State supporting the proposition that necessity is available as a defense to a charge of possession of a firearm by a felon. In fact, defendant concedes that "[n]o reported opinions from this state specifically address the application of the necessity defense to possession of a firearm by a convicted felon."

Accordingly, defendant asks this Court to expand the necessity defense and "adopt the test for justification as set out by the Eleventh Circuit" in *U.S. v. Deleveaux*, 205 F.3d 1292 (11th Cir.), *cert. denied*,

530 U.S. 1264, 147 L. Ed. 2d 988 (2000). Under the test set out in *Deleveaux*, a defendant must show four elements to establish justification as a defense to a charge of possession of a firearm by a felon:

(1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury;

(2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct;

(3) that the defendant had no reasonable legal alternative to violating the law; and

(4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Deleveaux*, 205 F.3d at 1297. Significantly, we note that the *Deleveaux* court limited the application of the justification defense to 18 U.S.C. § 922(g)(1) cases (federal statute for possession of a firearm by a felon) in "only extraordinary circumstances." *Id.*

Assuming, without deciding, for purposes of this appeal that the *Deleveaux* rationale applies in North Carolina, the evidence here does not support a conclusion that defendant was under a present or imminent threat of death or injury. Regardless of the evidence of Brad Ford's drug and alcohol use, Brad Ford's threats, and Brad Ford's recent shooting over defendant's property, the evidence shows that defendant, while armed, voluntarily walked across the street and onto Robert Ford's premises; defendant asked Robert Ford and Brad Ford if they wanted him to take the gun home; and defendant, while armed, stayed on Robert Ford's premises for several hours talking to Robert Ford before the fight ensued.

Without ruling on the general availability of the justification defense in possession of a firearm by a felon cases in North Carolina, we conclude that under the facts of this case defendant was not entitled to a justification instruction. *See U.S. v. Crittendon*, 883 F.2d 326 (4th Cir. 1989). Since the evidence here does not support the justification instruction, the trial court did not abuse its discretion in denying defendant's request.

In sum, we conclude that defendant received a fair trial free from prejudicial error.

ALLSTATE INS. CO. v. OXENDINE

[149 N.C. App. 466 (2002)]

No error.

Judges CAMPBELL and SMITH concur.