STATE OF NORTH CAROLINA v. CHARLES MICHAEL CRAIG, SR.

No. COA04-427

(Filed 4 January 2005)

**Firearms and Other Weapons— possession of firearm by felon—special instruction—justification defense—failure to request in writing**

The trial court did not err by denying defendant's request to give a special instruction on the defense of justification of possession of a firearm by a felon, because: (1) defendant failed to request the special instruction in writing as required by N.C.G.S. § 1-181 and Rule 21 of the General Rules of Practice for the Superior and District Courts; and (2) assuming arguendo that defendant had properly presented the special instruction, the trial court still did not err by declining to instruct the jury on the justification defense since the uncontroverted evidence in this case shows that, after leaving the altercation, defendant kept the gun and took it with him to a friend's house where he was not under an imminent threat while possessing the gun.

Appeal by Defendant from judgment entered 10 July 2003 by Judge Ronald K. Payne in Superior Court, Henderson County. Heard in the Court of Appeals 7 December 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Brandon L. Truman, for the State.*

*Broker & Hamrick, P.A., by Leah M. Broker for defendant-appellant.*

WYNN, Judge.

Under N.C.G.S. § 1-181 and Rule 21 of the General Rules of Practice for the Superior and District Courts, requests for spe-

cial instructions to the jury must be in writing. N.C. Gen. Stat. § 1-181(a)(1) (2003). Defendant contends the trial court erred by denying his request to give a special instruction on the defense of justification of possession of a firearm by a felon. Where, as here, Defendant failed to submit the special instruction in writing, the trial court did not error by declining to give it.

The facts at trial tended to show that on 15 November 2002 Defendant went to Jimmy Higgins's auto garage in Henderson County, North Carolina to sell him a tire changer. When Defendant arrived Steven Pearson, James Higgins, Paul Higgins, Dane Allen, and Brian Stepp were all present at the garage.

The State's evidence tended to show that as Defendant drove into the garage, he almost hit Pearson. Thereafter, Defendant got out of his car with a pistol sticking out of the front of his pants. When Pearson approached Defendant about the incident, Defendant "got in [his] face and began cussing[.]" Pearson hit Defendant in the face and walked away. Defendant then fired three gunshots hitting Pearson in the left buttock and the right leg.

Rhonda Jones, Defendant's girlfriend and niece, testified that she drove Defendant and Paul Craig to Higgins's garage on 15 November 2002 around 5:30 p.m. Defendant got out of the car and Jones observed Defendant "hit the floor" a few minutes later. Jones reached to the seat beside her, got her gun, and stuck it in the front of her pants. She walked into the garage and observed several men kicking Defendant. She "got to [Defendant's] head" and put the gun in his hand. Defendant fired a shot in the air, then two more shots. Jones got Defendant to the car and they drove to a friend's house on Dana Road. Defendant testified to essentially the same facts.

In rebuttal, the State presented Robert Hamilton, Jones's first cousin and Defendant's nephew. Hamilton testified that on 15 November 2002 at about 6:15 p.m. he went to a friend's house on Dana Road, and when he arrived Jones was the only person present. He asked her "[w]here's Mike?[,]" and she responded that "[h]e went to Jimmy's." Five to ten minutes after Hamilton arrived Defendant drove up in his car. Defendant was alone and told Hamilton that he shot Pearson. Hamilton saw Defendant with a gun.

At trial, Defendant requested, "an instruction, Your honor, 310.10, the compulsion, duress or coercion with respect to the possession of a firearm by a felon." The trial court declined to give the instruction after deliberation.

A jury found Defendant guilty of assault with a deadly weapon inflicting serious injury and possession of a firearm by a felon. The trial court sentenced Defendant to thirty-four to fifty months imprisonment for the assault charge and sixteen to twenty months imprisonment for the possession charge but suspended the sentence for sixty months of probation to begin after the other active sentence was completed. Defendant appealed the possession of a firearm by a felon charge.

---

On appeal, Defendant argues the trial court erred by failing to give the jury a special instruction on justification as a defense to possession of a firearm by a felon. We disagree.

In North Carolina, requests for special jury instructions are allowable under N.C.G.S. § 1-181 and 1A-1, Rule 51(b) of the North Carolina General Statutes. N.C. Gen. Stat. §§ 1-181, 1A-1, Rule 51(b) (2003). It is well settled that the trial court must give the instructions requested, at least in substance, if they are proper and supported by the evidence. *See Roberts v. Young*, 120 N.C. App. 720, 726, 464 S.E.2d 78, 83 (1995). "The proffered instruction must . . . contain a correct legal request and be pertinent to the evidence and the issues of the case." *State v. Scales*, 28 N.C. App. 509, 513, 221 S.E.2d 898, 901 (1976). "However, the trial court may exercise discretion to refuse instructions based on erroneous statements of the law." *Roberts*, 120 N.C. App. at 726, 464 S.E.2d at 83 (citation omitted).

N.C.G.S. § 1-181 and Rule 21 of the General Rules of Practice for the Superior and District Courts require that requests for special instructions to the jury must be in writing. N.C. Gen. Stat. § 1-181(a)(1). This Court has held that a trial court's ruling denying requested instructions is not error where the defendant fails to submit his request for instructions in writing. *State v. McNeill*, 346 N.C. 233, 240, 485 S.E.2d 284, 288 (1997); *State v. Martin*, 322 N.C. 229, 237, 367 S.E.2d 618, 623 (1988). Here, Defendant did not submit his proposed special instruction in writing, and therefore it was not error for the trial court to fail to charge as requested. *Id.*

Assuming *arguendo* that Defendant had properly presented the special instruction to the jury, the trial court was still not in error declining to instruct the jury on the justification defense.

Federal courts have recently recognized justification as an affirmative defense to possession of firearms by a felon. *United States v. Deleveaux*, 205 F.3d 1292 (11th Cir. 2000). Under the test set out in

*Deleveaux*, a defendant must show four elements to establish justification as a defense to a charge of possession of a firearm by a felon:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Id.* at 1297. However, this Court has specifically noted "that the *Deleveaux* court limited the application of the justification defense to 18 U.S.C. § 922(g)(1) cases (federal statute for possession of a firearm by a felon) in 'only extraordinary circumstances.' " *State v. Napier*, 149 N.C. App. 462, 465, 560 S.E.2d 867, 869 (2002) (quoting *Deleveaux*, 205 F.3d at 1297).

In *Napier*, the defendant was a convicted felon who was involved in an on-going dispute with his neighbor and the neighbor's son. In June 1999, the neighbor's son discharged a shotgun directed over the defendant's property. The neighbor's son continued this action for the next several days. On 3 July 1999, the defendant walked over to the neighbor's property armed with a nine millimeter handgun in a holster on his hip to confront the neighbor and the neighbor's son. The confrontation escalated into a physical altercation, and the defendant shot the neighbor's son in the arm.

Without ruling on the general availability of the justification defense in possession of a firearm by a felon cases in North Carolina, this Court declined to apply the *Deleveaux* rationale in *Napier* because the evidence did not support a conclusion that the defendant was under an imminent threat of death or injury. *Napier*, 149 N.C. App. at 465, 560 S.E.2d at 869. This Court reached this conclusion despite evidence that the neighbor had been firing bullets over the defendant's property and that the two parties engaged in prior altercations. *Id. See also State v. Boston*, 165 N.C. App. 214, 222, 598 S.E.2d 163, 167-68 (2004) ("no evidence to support the conclusion that defendant was under an imminent threat of death or injury when he made the decision to carry the gun").

The uncontroverted evidence in this case shows that after leaving the altercation, Defendant kept the gun and took it with him to a

friend's house on Dana Road. He continued to hold it and carry it while speaking with Hamilton. At that time, Defendant was not under any imminent threat of harm. *Napier*, 149 N.C. App. at 465, 560 S.E.2d at 869. Thus, the evidence did not support giving a special instruction on justification because there was a time period where Defendant was under no imminent threat while possessing the gun.

Defendant's remaining assignment of error was not argued in the brief and no authority was cited, therefore, it is deemed abandoned. N.C. R. App. P. 28(b)(6).

No error.

Judges McGEE and TYSON concur.