STATE OF NORTH CAROLINA
v.
JAMES ROBERT JUSTICE, JR.
No. COA09-151.
Court of Appeals of North Carolina.
Filed: July 7, 2009.
Attorney General Roy Cooper, by Assistant Attorney General Donna B. Wojcik, for the State.
Carol Ann Bauer for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered upon his conviction of possession of a firearm by a felon and having attained habitual felon status. We find no error.
The State's evidence at trial tended to show that on 24 February 2008, defendant, who was thirty-nine years of age at the time, was living with his mother, Ressie Justice. Defendant had lived with Ms. Justice for a little more than one year and stayed in his deceased father's bedroom during that time.
Sometime during the evening on that date, defendant arrived home and was upset because he was having difficulties with his girlfriend. Defendant came out of his bedroom with a rifle and told Ms. Justice that he wanted to kill himself. Ms. Justice testified that the gun had belonged to her husband. As defendant held the rifle, defendant and Ms. Justice had an argument in which defendant blamed her for some of his problems. Ms. Justice was frightened, so she took the rifle from defendant and placed it outside the home. Ms. Justice pushed the gun's barrel into the dirt, hoping that dirt would jam the gun and prevent it from firing. Ms. Justice also asked defendant to leave and called 911. Defendant left the house.
About ten minutes after Ms. Justice called 911, officers arrived at her house. After they searched the area for defendant, officers secured the gun. At trial, Ms. Justice identified the gun seized by officers based on its size and the dirt on its barrel. Officers did not find defendant, and he returned to the home a few days after the incident. Defendant stipulated that on 31 October 1997, he was convicted of felony breaking or entering a motor vehicle in Moore County.
The trial court denied defendant's motions to dismiss at the close of the State's evidence and again at the close of all the evidence. The jury found defendant guilty of possession of a firearm by a felon. During the habitual felon phase of the trial, the State introduced copies of defendant's prior convictions. The jury then also found defendant guilty of having attained habitual felon status. Defendant stipulated that he was a prior record level V for habitual felon sentencing purposes, and the trial court imposed a mitigated-range term of 90 to 117 months in prison.
In his sole argument on appeal, defendant contends the trial court erred when it denied his motions to dismiss. We disagree.
It is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction[.]" N.C. Gen. Stat. § 14-415.1(a) (2009). "Possession of a weapon may be either actual or constructive. `Actual possession requires that a party have physical or personal custody of the item.'" State v. Barksdale, 181 N.C. App. 302, 305, 638 S.E.2d 579, 582 (2007) (quoting State v. Alston, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998)).
In ruling on a defendant's motion to dismiss, the trial court must determine whether the State has presented substantial evidence: (1) of each essential element of the offense; and, (2) of the defendant's being the perpetrator. State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 255, cert. denied, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002). "Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion." Id. (quoting State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002)). When considering the issue of substantial evidence, the trial court must view all of the evidence presented "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).
Viewed in the light most favorable to the State, the State presented ample evidence both that defendant actually possessed the firearm, through his mother's eyewitness testimony, and that he had a prior felony conviction, through defendant's unambiguous stipulation. Defendant has not challenged the sufficiency of that evidence. Rather, defendant asks this Court to engraft an exception onto the justification doctrine in order to excuse his possession of the firearm. Our courts, however, do not recognize justification as a defense against the offense of possession of a firearm by a felon, and we decline to apply or modify that doctrine for this case. See State v. Napier, 149 N.C. App. 462, 464, 560 S.E.2d 867, 869 (2002). Accordingly, we overrule defendant's sole assignment of error.
No error.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).