STATE OF NORTH CAROLINA
v.
JERRY LEE RHINEHARDT
No. COA08-1330
Court of Appeals of North Carolina.
Filed July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Richard A. Graham, for the State.
James N. Freeman, Jr. for defendant-appellant.
BRYANT, Judge.
Defendant Jerry Rhinehardt appeals from a judgment entered against him upon his conviction for possession of a firearm by a felon. We find no error.

Facts
On 10 September 2007, the Cabarrus County grand jury returned an indictment against defendant for possession of a firearm by a felon. When the case came on for trial on 8 July 2008, the State made a motion to amend the indictment to change the date of defendant's predicate felony from 18 April 1985 to 21 April 1985. Defendant contended that because of multiple deficiencies in the indictment, the trial court should require the State to seek a superceding indictment. The State made a second motion to amend the indictment to change the maximum sentence for defendant's prior felony from thirty months to the correct maximum sentence of ten years in prison. The trial court allowed both of the State's motions to amend the indictment and denied defendant's motion for a continuance.
The case came on for trial on 8 July 2008. The State's evidence tended to show that officers from the Cabarrus County Sheriff's Department first came into contact with defendant in the course of investigating a homicide on 25 August 2007. When officers spoke to defendant the next day, he told them that when he was informed that a neighbor had been shot, he "grabbed [his] twelve-gauge Mossberg pump  it was sawed off at the handle"  and helped neighbors look for a suspect. After officers questioned defendant, they obtained a search warrant for his home.
Later that day, officers searched defendant's home pursuant to the warrant. When officers entered the home, they smelled marijuana, and saw defendant sitting on the couch smoking marijuana. During their search, officers found five smoking pipes, a metal tin containing a bag of marijuana, three packs of rolling paper, three rifle cartridges, a twelve-gauge shotgun with four shotgun shells, and a twenty-gauge shotgun with one shell. Officers found the shotguns and shells in defendant's bedroom closet.
Before officers questioned defendant, they read him his Miranda rights. When officers asked defendant if he had any firearms, he told them, "Yes, I do. I have a twelve-gauge pump shotgun. I have a twenty-gauge Mossberg youth model, single-shot shotgun, but it is in my master bedroom closet." Both of the guns were loaded. Detective K.G. Pfister testified that officers did not ask defendant who owned the shotguns before defendant ended the interview:
[A]s we got to that last sentence where the interview ends, he had stated he didn't want to talk to us anymore and wanted an attorney, so we never got an opportunity to ask those questions.
Other officers also testified that defendant invoked his right to remain silent before they asked whether he owned the shotguns.
Defendant testified, and acknowledged that he was smoking marijuana when officers entered his home. Defendant testified that the twelve-gauge shotgun belonged to his daughter, and the twenty-gauge belonged to his grandson, but could not remember whether he told officers that the guns did not belong to him.
The State also introduced the judgment from defendant's 1985 conviction for felonious possession of stolen property. The trial court denied defendant's motions to dismiss at the close of the State's evidence and again after the presentation of all evidence. The jury found defendant guilty of possession of a firearm by a felon, and the trial court found that defendant's prior record level was IV and imposed a mitigated-range term of 12 to 15 months in prison. The trial court suspended the sentence and imposed 24 months of supervised probation. Defendant appeals.
Defendant presents three arguments on appeal: (I) Whether the trial court committed plain error by allowing testimony regarding defendant's invocation of his right to counsel. Defendant also contends the trial court erred by (II) allowing the State's motion to amend the indictment; and (III) denying defendant's motion to dismiss at the close of all the evidence.

I
In defendant's first argument, he contends the trial court committed plain error by allowing the State to elicit testimony from officers that defendant exercised his right to remain silent. We disagree.
A criminal defendant has a right to remain silent under the Fifth Amendment to the United States Constitution, as incorporated and binding upon the states by the Fourteenth Amendment, and under Article I, Section 23 of the North Carolina Constitution. U.S. Const. amend. V; U.S. Const. amend. XIV; N.C. Const. art. I, section 23. "A defendant's silence after receiving Miranda warnings cannot be used against him as evidence of guilt." State v. Best, 342 N.C. 502, 519, 467 S.E.2d 45, 55-56 (1996)(citing Doyle v. Ohio, 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240 (1976)).
"[A] comment implicating a defendant's right to remain silent, although erroneous, is not invariably prejudicial." State v. Ward, 354 N.C. 231, 251, 555 S.E.2d 251, 265 (2001), cert. denied, 359 N.C. 197, 605 S.E.2d 473 (2004). Defendant failed to object to any of the testimony about his invocation of his right to silence, so our review is limited to whether the trial court committed plain error in admitting the testimony. See State v. Black, 308 N.C. 736, 740-41, 303 S.E.2d 804, 806-07 (1983). "Under a plain error analysis, defendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." State v. Hooks, 353 N.C. 629, 633, 548 S.E.2d 501, 505 (2001) (citation omitted).
Here, the officers' testimony is not a comment on defendant's exercise of his right to remain silent. Rather, the officers explained why they did not ask defendant whether the shotguns belonged to him. Further, even assuming, arguendo, that the officers' commented on defendant's exercise of his right to remain silent, defendant has not demonstrated error, much less plain error, considering the overwhelming evidence of his guilt. Defendant told police that, when he heard his neighbor had been shot, "I grabbed my twelve-gauge Mossberg pump" and helped look for a suspect. By defendants' own admission, he kept the two loaded shotguns in his bedroom closet. In addition, the State introduced a copy of defendant's prior felony judgment. Accordingly, in light of the significant evidence of defendant's guilt, we conclude there is no reasonable probability the jury would have reached a different result. This assignment of error is overruled.

II
Next, defendant contends the trial court erred when it allowed the State to amend the indictment, then abused its discretion when it denied his motion for a continuance. We disagree.
"A valid warrant or indictment is essential to the jurisdiction of the court in a criminal case." State v. Crabtree, 286 N.C. 541, 544, 212 S.E.2d 103, 105 (1975); N.C. Const. art. I, section 22. Although N.C. Gen. Stat. § 15A-923(e)(2008) provides that an indictment may not be amended, the statute "has been construed to mean only that an indictment may not be amended in a way which `would substantially alter the charge set forth in the indictment.'" State v. Brinson, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994)(quoting State v. Carrington, 35 N.C. App. 53, 240 S.E.2d 475, disc. rev. denied, 294 N.C. 737, 244 S.E.2d 155 (1978)).
In this case, neither of the amendments "substantially alter" the charge set forth in the indictment. The indictment, even in the unamended form, put defendant on notice of the prior felony, including the file number, that the State alleged supported the possession of a firearm by a felon charge. Thus, changing the date of the predicate felony and the punishment did not significantly change the indictment. See State v. Boston, 165 N.C. App. 214, 598 S.E.2d 163 (2004)(failure of indictment to include possible punishment for prior felony not a fatal defect); State v. Blackmon, 130 N.C. App. 692, 693, 507 S.E.2d 42, 43, cert. denied, 349 N.C. 531, 526 S.E.2d 470 (1998)(failure of indictment to include exact date not a fatal defect if not an essential element of the offense). Further, because we find that the amendments to the indictment did not substantially alter the charge against defendant, we also find that the trial court did not abuse its discretion by denying defendant's motion for a continuance based on the amendments. This assignment of error is overruled.

III
Finally, in a related argument, defendant asserts that the trial court erred when it denied his motion to dismiss because the amended indictment failed to allege "the verdict and final judgment therein" for his prior offense. We disagree.
An indictment charging a violation of N.C. Gen. Stat. § 144-15.1 must state, "the date that the prior offense was committed, the type of offense and the penalty therefor, and the date that the defendant was convicted or plead guilty to such offense, the identity of the court in which the conviction or plea of guilty took place and the verdict and judgment rendered therein." N.C. Gen. Stat. § 14-415.1(c)(2008).
Our Supreme Court has held:
In determining the mandatory or directory nature of a statute, the importance of the provision involved may be taken into consideration. Generally speaking, those provisions which are a mere matter of form, or which are not material, do not affect any substantial right, and do not relate to the essence of the thing to be done so that compliance is a matter of convenience rather than substance, are considered to be directory.
State v. House, 295 N.C. 189, 203, 244 S.E.2d 654, 661-62 (1978).
"[T]he provision of [N.C. Gen. Stat. § 14-415.1(c)] that requires the indictment to state the penalty for the prior offense is not material and does not affect a substantial right." Boston, 165 N.C. App. at 218, 598 S.E.2d 166. Accordingly, we find that the indictment's failure to allege the actual punishment imposed for defendant's prior conviction was not material, and does not affect a substantial right. We find no error.
No error.
Chief Judge MARTIN and Judge ELMORE concur.
Reported per Rule 30(e).