STATE OF NORTH CAROLINA
v.
TIMOTHY WAYNE STRICKLAND
No. COA08-1186
Court of Appeals of North Carolina.
Filed August 18, 2009
This case not for Publication
Attorney General Roy Cooper, by Special Deputy Attorney General Danielle Marquis Elder, for the State.
Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.
CALABRIA, Judge.
Timothy Wayne Strickland ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of first-degree murder. We find no prejudicial error.

I. Facts
Beginning in June 2006, defendant began purchasing crack cocaine ("crack") from Leverne Zimmerman ("Zimmerman"). Defendant would buy crack from Zimmerman at least every other day. A few days later, Detective Jason Wilborn ("Det. Wilborn") of the Person County Sheriff's Department stopped defendant. Det. Wilborn searched defendant and found a small amount of crack and a crack pipe. Defendant agreed to become a confidential informant for law enforcement in exchange for not having charges filed against him.
During the ensuing weeks, the relationship between defendant and Zimmerman became increasingly hostile. Defendant began buying crack from Zimmerman on credit, and soon after, following threats from Zimmerman, defendant began paying Zimmerman with money drawn from the account of defendant's wife. Defendant also signed two cell phone contracts for Zimmerman. Zimmerman kept making demands of defendant and threatened violence against defendant and his family if defendant did not comply. Defendant continued to buy crack from Zimmerman during this time.
On 1 September 2006, defendant called Det. Wilborn and set up a meeting to request help in dealing with Zimmerman. The two planned the meeting for that evening, but Det. Wilborn became involved in other law enforcement business and never met with defendant.
Defendant became involved in an altercation with his wife over the forged checks and the cell phone contracts on the evening of 5 September 2006. Following this altercation, defendant went to Zimmerman and purchased crack. Defendant offered to trade some of his firearms to Zimmerman in exchange for return of the cell phones, and Zimmerman agreed.
In the early morning hours of 6 September 2006, defendant contacted Zimmerman and arranged to meet him to trade the guns for the cell phones. Defendant then called Det. Wilborn, who did not answer. Defendant left Det. Wilborn a message stating that Det. Wilborn was "B.S.'ing him" and that defendant was "gonna take care of his own business." Defendant then drove to Zimmerman's house.
When he arrived, defendant attempted to trade the guns for the cell phones. Zimmerman refused to make the trade. An argument ensued, and according to defendant, Zimmerman pointed a gun at defendant and told him he was going to kill him. Defendant grabbed one of his guns and fired out the window toward Zimmerman multiple times as defendant tried to leave Zimmerman's property. Defendant never alleged that Zimmerman fired at him.
Zimmerman's body was discovered the next morning by his family. When investigators arrived shortly thereafter, there was no firearm near Zimmerman's body. Investigators then went to defendant's house, where defendant told them that he had fired at Zimmerman. Defendant agreed to be interviewed by the Sheriff's Department. This interview was videotaped and later presented as a State's exhibit for the jury.
Defendant was subsequently arrested, indicted, and tried for first-degree murder in Person County Superior Court. During the trial the State introduced, over defendant's objection, evidence of a prior domestic disturbance involving defendant from July 2005 ("the 2005 incident"). The State also introduced evidence of defendant's conviction for assault inflicting serious injury from June 1997. Defendant objected to the admission of this conviction outside the presence of the jury, but he did not renew this objection when the conviction was actually introduced into evidence during the State's cross-examination of defendant.
On 29 February 2008, the jury returned a verdict of guilty to first-degree murder. Defendant was sentenced to life imprisonment without the possibility of parole in the North Carolina Department of Correction. Defendant appeals.

II. Admission of Prior Domestic Incident
Defendant argues the trial court erred in admitting evidence over defendant's objection about defendant's involvement in the 2005 incident, depriving defendant of a fair trial. While we agree the trial judge improperly admitted this evidence, we do not agree that the admission of this evidence deprived defendant of a fair trial.
N.C. Gen. Stat. § 8C-1, Rule 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). Our Supreme Court has described Rule 404(b) as a rule "of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." State v. Coffey, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in original). However, the Court has further constrained Coffey by subsequently holding "[t]he admissibility of evidence under [Rule 404(b)] is guided by two further constraints  similarity and temporal proximity [of the acts]." State v. Lynch, 334 N.C. 402, 412, 432 S.E.2d 349, 354 (1993). To be admitted, "evidence must be offered for a proper purpose, must be relevant, must have probative value that is not substantially outweighed by the danger of unfair prejudice to the defendant, and, if requested, must be coupled with a limiting instruction." State v. Haskins, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991). "The standard of review for this Court assessing evidentiary rulings is abuse of discretion." State v. Boston, 165 N.C. App. 214, 218, 598 S.E.2d 163, 166 (2004) (citation omitted).

A. Similarity
Defendant argues that the 2005 incident was not sufficiently similar to the crime charged for the probative value to substantially outweigh the danger of unfair prejudice to defendant. Evidence of a prior bad act must constitute "substantial evidence tending to support a reasonable finding by the jury that the defendant committed [a] similar act." State v. Al-Bayyinah, 356 N.C. 150, 155, 567 S.E.2d 120, 123 (2002), cert. denied, 547 U.S. 1076, 126 S. Ct. 1784, 164 L. Ed. 2d 528 (2006) (quotation and citation omitted) (emphasis in original). Under Rule 404(b), a prior act or crime is similar if there are "some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes." State v. Green, 321 N.C. 594, 603, 365 S.E.2d 587, 593 (1988), cert. denied, 488 U.S. 900, 109 S. Ct. 247, 102 L. Ed. 2d 235 (1988) (citation and internal quotations omitted). It is unnecessary for the similarities between the two situations to "rise to the level of the unique and bizarre." Id. at 604, 365 S.E.2d at 593. The similarities simply must tend to support a reasonable inference that the same person committed both the earlier and later acts. State v. Stager, 329 N.C. 278, 303, 406 S.E.2d 876, 890 (1991).
The trial court listed five similarities between the 2005 incident and the shooting of Zimmerman: (1) defendant had an altercation or argument prior to both; (2) defendant had consumed alcohol prior to both; (3) a cell phone played a part in both arguments with his wife; (4) in 2005, defendant felt that his wife would not "lay off" and in 2006, he felt that Zimmerman would not lay off; (5) defendant apparently concealed himself after the 2005 incident and hid in the woods after shooting Zimmerman.
Most of the similarities listed by the trial court could be applied generically to a large number of violent altercations. Consuming alcohol and subsequently having an altercation with a spouse because they would not "lay off" cannot be characterized as unusual behaviors.
The trial court also ignored significant differences between the two incidents. The role of cell phones in the two preliminary arguments was not as similar as suggested by the trial court. In the 2005 incident, the fight was about the use of a cell phone while in 2006 the fight was about signing cell phone contracts for defendant's drug dealer. In the 2005 incident, defendant laid his hands on his wife, while he was arguing with her, causing her to sustain minor injuries. In 2006, defendant used a deadly weapon against Zimmerman, a third party who was not present during the initial argument.
The differences between the two incidents were significant, while the similarities used by the trial court were minor and generic. The trial court abused its discretion by admitting evidence of the 2005 incident under Rule 404(b).

B. Relevance
Defendant argues that the admission of the 2005 incident was error because that evidence is not relevant to the jury's determination of a pending charge of homicide. The State argues that the 2005 incident is relevant in establishing defendant's motive, intent, and malice in confronting Zimmerman.
Our courts have consistently held that evidence that shows only a propensity for violence is not permissible under Rule 404(b). In State v. Irby, this Court held that the State improperly introduced evidence at trial that the defendant and his father, who claimed self-defense in the murder of two hunters, had previously fired shots over a truck driving near their home. 113 N.C. App. 427, 439 S.E.2d 226 (1994). The Irby Court held that "[t]he evidence bears no relation to defendant's intent or the apparent necessity to defend himself." Id. at 439, 439 S.E.2d at 234. In State v. Mills, this Court held that the State improperly introduced evidence at trial that the defendant had pointed a gun at the victim three years earlier, told the victim to hush, and fired into the ceiling. 83 N.C. App. 606, 351 S.E.2d 130 (1986). The Mills Court reasoned that "[d]ue to the circumstances of the incident and its extreme remoteness, the evidence has no tendency to make the existence of premeditation or deliberation more or less probable than it would be without the evidence." Id. at 611, 351 S.E.2d at 133 (internal quotations omitted).
In the instant case, there are no significant similarities between the 2005 incident and the later confrontation with Zimmerman. There is no logical way to establish defendant's motive, malice, and intent against Zimmerman based upon his significantly less violent behavior towards his wife the previous year. As in Irby, this evidence bears no relation to defendant's intent or his apparent necessity to defend himself. The evidence of the 2005 incident could only reasonably be used to establish that defendant had a propensity for violence, and "that he must have acted in conformity with that character and not in self-defense." Irby, 113 N.C. App. at 439, 439 S.E.2d at 234. Such evidence is not admissible under Rule 404(b).

C. Prejudice
We have determined that it was error for the trial court to allow evidence of the 2005 incident. However, "[t]he erroneous admission of evidence requires a new trial only when the error is prejudicial." State v. Chavis, 141 N.C. App. 553, 566, 540 S.E.2d 404, 414 (2000) (citation omitted). "To show prejudicial error, a defendant has the burden of showing that `there was a reasonable possibility that a different result would have been reached at trial if such error had not occurred.'" Id. (quoting State v. Locklear, 349 N.C. 118, 149, 505 S.E.2d 277, 295 (1999)).
In the instant case, defendant cannot show prejudice. Defendant was able, through his testimony, to deny the allegations that he assaulted his wife as part of the 2005 incident. There was additional eyewitness testimony that defendant had "a temper" and "a reputation for getting in fights." Additional evidence indicates that defendant went to meet Zimmerman with loaded firearms, after calling Det. Wilborn and telling him that he would "take care of his business." The properly admitted evidence was sufficient for a jury to find defendant guilty of first-degree murder. This assignment of error is overruled.

III. Admission of Prior Conviction
Defendant argues the trial court erred in admitting evidence about defendant's June 1997 conviction for assault inflicting serious injury. Defendant has failed to preserve this issue for appellate review and therefore this assignment of error is overruled.
The record shows that defendant objected to the use of his prior conviction before he testified, outside the presence of the jury. When the evidence was introduced during defendant's cross-examination, however, defendant did not object. In order to preserve appellate review of an evidentiary ruling,
defendant must make an objection to such evidence at the time it is actually introduced at trial. As with motions in limine, it is insufficient for defendant to premise his objection on matters and evidentiary issues that he merely anticipates will be discussed by a prospective witness. Moreover, it is of no consequence if the witness' actual testimony substantively coincides with counsel's preliminary assumptions. For purposes of appeal preservation, objections to testimony must be contemporaneous with the time such testimony is offered into evidence.
State v. Thibodeaux, 352 N.C. 570, 581-82, 532 S.E.2d 797, 806 (2000), cert. denied, 531 U.S. 1155, 121 S. Ct. 1106, 148 L. Ed. 2d 976, (2001) (emphasis in original).[1] Since defendant did not object to this evidence at the time of its introduction at trial, this alleged error must be reviewed under the plain error standard.
Defendant has failed to "specifically and distinctly contend" in his brief that the trial court's decision to allow evidence of his prior conviction amounted to plain error, as required by N.C.R. App. P. 10(a)(4) (2007). Defendant has therefore waived appellate review of this assignment of error. See State v. Nobles, 350 N.C. 483, 515, 515 S.E.2d 885, 904 (1999).
Defendant has failed to bring forth any argument regarding his remaining assignments of error. As such, we deem these assignments of error abandoned pursuant to N.C.R. App. P. 28(b)(6) (2007).
No prejudicial error.
Chief Judge MARTIN and Judge STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] Although this holding was superseded by the legislative amendment of N.C. Gen. Stat. § 8C-1, Rule 103(a), see State v. Augustine, 359 N.C. 709, 731, 616 S.E.2d 515, 531 (2005), that legislative amendment was later found to be unconstitutional by State v. Oglesby, 361 N.C 550, 648 S.E.2d 819 (2007). Thus, Thibodeaux remains good law.